CHARLES GIFFORD *vs.* CHARLES H. CLARK & others.

Kennebec.    Opinion June 25, 1879.

*Rules of court.    Motions. . Affidavit.    Verdict.    Misconduct of jurors.*

A motion to set aside a verdict for alleged misconduct of jurors, when the facts are in dispute, should be verified when presented, by affidavit, in order to entitle it to be considered or reported under the rules of the supreme judicial court, and the superior court of Kennebec county.

To support a motion of this description, it is not a universal rule that the production of a report of the evidence given at the trial is essential, or that the affidavit of the party or his attorney would not be regarded as sufficient proof that the facts were material to the issue tried.

ON MOTION to set aside verdict.

This action which was for breach of warranty in the sale of a horse, was tried by a jury at the February term, 1879, of the superior court for Kennebec county, and a verdict found for the defendants. Thence the action was continued to the next April term on plaintiff's motion for a new trial, because of the alleged misconduct of jurors. The motion sets out the following causes alleged by the plaintiff:

"Because, he says, that he has been informed since the trial in this case, during the trial and while the case was pending, sundry members of the panel, before whom the case was being tried, to wit: Hosea Blaisdell, Levi Perkins, Joseph Douglass and Frank B. Lowell, went to the stable of Hiram Reed, in Augusta, and there examined the mare, whose soundness was in controversy in the case, and then and there examined the size and condition of her off hind leg and thigh and the bunch thereon, in the absence of the plaintiff or his attorney, and without his knowledge or assent, and without the order of the court in that behalf; and the size and condition of said leg and thigh of said mare, and the bunch thereon, were material facts in controversy between the parties, there being conflicting testimony in regard to the same as will appear by a full report of the same. And the plaintiff further says that he expects to prove the facts herein stated by Alfred M. Reed, of Augusta. Charles Gifford. By L. Clay and H. Farrington, his Atty's."

The motion was not verified by the affidavit of the plaintiff or his attorneys, nor was there any report of the evidence; but the testimony of Hosea Blaisdell, Levi Parker, John Morrill, Joseph Douglass and F. B. Lowell (who were five of the jurors who tried the case), and Alfred M. Reed, who kept a stable where the horse remained during the trial, accompanied the motion.

The facts sufficiently appear in the opinion.

*L. Clay & H. Farrington,* for the plaintiff, cited *Dennett* v. *Dow,* 17 Maine, 20, and note. *Winslow* v. *Morrill,* 68 Maine, 362. *Bowler* v. *Washington,* 62 Maine, 302.

*J. Baker,* for the defendants,

BARROWS, J. Much waste of time may be prevented by adhering to the useful rules of procedure, both in the supreme judicial court and the superior court for the county of Kennebec, which require that all motions based upon facts not appearing of record, or in the papers on file in the case, and not agreed on and stated in writing duly signed, shall be verified by affidavit.

A defeated party hardly ever attributes the loss of his case to what is usually the real cause, its own demerits; but this is no reason why he should be permitted to waste time and make expense in the investigation of the numerous idle rumors which almost always accompany a law suit, mere creatures of the imagination, the fruit of the unwholesome suspicions of the parties or their sympathizing friends, or of the idle babble of partially informed bystanders. The information must come in such shape that the moving party can properly verify it in the manner required by the rule before it can be deemed worthy of attention. If there were no other reason why the motion for a new trial should be overruled, this defect would be sufficient.

But the case when examined is a good illustration of the utility of the rule. A comparison of the testimony of the single witness called in support of the motion and that of the five jurors called by the defendants, shows that the only important facts that can be regarded as established are that the plaintiff, who makes this motion, drove the horse in question to Augusta at the time of the trial and put him up in a stable where two or three of the jurors

kept their horses, and others frequently passed; that he himself during the progress of the trial called the attention of one of the jurors and other persons present to the animal and the bunch on her leg; that no other juror made any particular examination of the animal or the bunch; that none of the jurors went there for the purpose of examining her, and that what they casually saw had no influence upon their verdict.

For obvious reasons, the examination made by one of the jury at the instance of the plaintiff and in his presence, whether the plaintiff acted wilfully or ignorantly, is no ground for sustaining his motion; and the testimony, as a whole, establishes nothing approaching to misconduct on the part of any other juror. It is not strange that the plaintiff did not under the circumstances verify his motion by affidavit.

The case exhibits nothing like the misconduct of a juror with the prevailing party, as in *Heffron* v. *Gallupe*, 55 Maine, 563; or the examination of the subject matter of the controversy by jurors in company with the son of the prevailing party, where the jurors testified that their examination influenced their verdict, as in *Bradbury* v. *Cony*, 62 Maine, 223; or the deliberate going in search of evidence out of court by jurors, who acted upon the results of their examination themselves and communicated them to their fellows, as in *Bowler* v. *Washington*, 62 Maine, 302, and *Winslow* v. *Morrill*, 68 Maine, 362.

Where neither the jurors nor the prevailing party or their agents or friends have been guilty of any misconduct, it is not likely to tend to the advancement of justice to grant new trials at the instance of obstinate litigants on account of the accidental knowledge of some one or more of the jurors respecting some matter of fact involved in the issue, when it does not appear that that knowledge affected the result, or prevented the jury from deciding according to the law and the evidence.

A motion of this description should be verified when it is presented, by the affidavit of the party or his attorney, that he has good cause to believe, and does believe, that the facts are as alleged in the motion; that the same occurred without fault or collusion on his part, and that the information has come to his

knowledge since the close of the trial. The moving party here, while he in substance alleges most of this in his motion and gives the name of his witness, fails to append the proper affidavit. The judge in the court below might well have refused to spend time in taking the testimony until the motion was properly verified in accordance with the rule.

The plaintiff in his motion alleges that the size and condition of the mare's leg and the bunch thereon were material facts in controversy between the parties, and that there was conflicting testimony relating thereto, " as will appear by a full report of the same." The report is not forthcoming. The defendants objected that there ought to be no hearing of the motion without such report, contending that, if presented, it would show that these matters were unimportant, and that the case turned upon another point. We cannot lay it down as a universal rule that the production of such report is essential to the maintenance of a motion of this sort, or that the affidavit of the party or his attorney would not be regarded as sufficient proof that the facts were material to the issue tried. But it is obvious that such a report of the testimony may often have a strong bearing upon the motion, and give point and force to the testimony adduced to support or defeat it which that testimony might not otherwise possess.

*Motion overruled.*

APPLETON, C. J., WALTON, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.