## MARY E. BELCHER, Admx., *vs.* HENRY P. ESTES.

Androscoggin. Opinion December 5, 1904.

*Misconduct of Jurors. Waiver. New Trial. R. S., 1903, c. 123, § 10.*

A verdict should be set aside when it appears that a witness for the prevailing party discussed the merits of the case in the presence and hearing of certain jurors before final submission.

The court not only holds parties responsible for their own misconduct, but for indiscretions of their friends in conveying to jurors private information relating to a case on trial before them, and for such irregularities, a verdict in the court below will be set aside by the court, if the objection is insisted upon and has not been waived.

Where it appears that the information of such misconduct on the part of jurors was communicated to the senior counsel for the plaintiff, before the jury retired to consider the verdict, and he did not choose to insist upon the objection, to have these jurors set aside, and a new jury empanelled to try the case, but went on and closed the trial, and took his chance of obtaining a verdict in his favor, the objection must be regarded as waived, and after the verdict, comes too late.

Motion by plaintiff. Overruled.

The verdict in the court below was in favor of the defendant, and comes to this court on a motion by plaintiff to set aside the verdict because of alleged misconduct of a witness for defendant, and of certain jurors.

The material facts appear in the opinion.

*Michael T. O'Brien, and Matthew McCarthy,* for plaintiff.

*D. J. McGillicuddy and F. A. Morey,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

WHITEHOUSE, J. The plaintiff had a verdict returned against her by the jury, and now brings the case to this court on a motion to set aside the verdict by reason of the alleged misconduct of two of the jurors before whom the case was tried, and of one of the witnesses

for the defense. It is represented in the sworn statement accompanying the motion that "after the evidence was all in" a witness who had testified for the defense made certain "statements about the case on trial" in the presence and hearing of the two jurors named, "concerning beams and distances which were material facts in controversy between the parties." But both the motion and the evidence reported entirely fail to show what the issue was at the trial in the court below, or what objectionable statements were made by the witness in the presence of the jurors after the testimony was closed, and thus the court fails to receive that definite information requisite to enable it to determine for itself whether or not the statements made in the presence of the jurors were in fact material to the issue, as alleged by the plaintiff's counsel in their sworn statement.

It appears from the testimony that at the noon recess the witness in question, who was an employee of the defendant and had testified in behalf of his employer, repeated the substance of his testimony in response to an inquiry from a juror on the other panel, and that his statements were listened to by the two jurors named in the motion who were members of the jury engaged in the trial of the plaintiff's case. There is no evidence, however, that he addressed any of his conversation to either of these two jurors, or that he had any knowledge that any of the jurors sitting on that case were listening to his statements. Nor is there any evidence that these statements were made by the witness either by the procurement or with the knowledge of the defendant himself. But it does appear from the testimony that the two jurors in question listened to the statements of the witness, made after the adjournment of the court, in relation to the case on trial before them. These statements may have been only a recapitulation of the testimony given by the witness on the stand, as suggested in the evidence reported, but whether or not in the unrestricted form in which they were uttered out of court they would have been legitimate evidence if offered in the regular course of the trial under the rules of law, was a question upon which the plaintiff had a right to be heard before the court. It may be true, also, that these jurors listened to these statements out of court without any understanding on their part that they were guilty of any impropriety

in so doing. But section 10 of chapter 123 of the Revised Statutes makes it a criminal offense for a juror to receive any information or evidence relating to any matter for the trial of which he is sworn, without the authority of the court and without immediately disclosing it to the court. The mischievous consequence would probably be the same whatever may have been the motives which actuated the witness in making the statements or the jurors in listening to them. A decent regard for the proper administration of justice compels the court not only to hold parties responsible for their own misconduct, but for the indiscretions of their friends in conveying to jurors private information relating to a case on trial before them. Such irregularities are sternly discountenanced by the courts, and jurors are admonished that in receiving evidence or information in this manner they are not only acting in violation of their oaths and of the statutes of the state, but are doing injury and injustice to both parties to the suit;—injustice to him who has lost the verdict in the court below, and injury to his opponent who will lose it in this court if the objection is insisted upon and has not been waived. *Bradbury* v. *Cony,* 62 Maine, 223; *McIntire* v. *Hussey,* 57 Maine, 493; *Heffron* v. *Gallupe,* 55 Maine, 563.

But it appears from the positive testimony of the messenger of the court, introduced by the plaintiff as his principal witness in support of this motion, that all of the information now presented to the court in relation to any misconduct on the part of the jurors in this case, was communicated to the senior counsel for the plaintiff before the jury retired to consider their verdict. The attorney, it is true, has the "impression" that this information did not come to him until after the verdict was returned; but while the integrity of both witnesses is unquestioned, it is the opinion of the court that the "mere impression" of the attorney is not sufficient to overbalance the clear and emphatic statement of his own witness who gave him the information, and that it must therefore be deemed an established fact that the plaintiff's counsel had knowledge of the alleged misconduct before the jury retired. The conclusion can therefore be concisely stated in the language of the court in *Hussey* v. *Allen,* 59 Maine, 269: "As the plaintiff did not then choose to insist upon the objec-

tion, and to have those jurors set aside, and a new jury impanelled to try the case, but on the contrary went on and closed the trial, and took his chance of obtaining a verdict in his favor, we think the objection must be regarded as waived and that it now comes too late." See also *Fessenden* v. *Sager*, 53 Maine, 531, and cases cited.

*Motion overruled.*