DAVID DRISCOLL *vs.* WILLIAM E. GATCOMB.

Washington.    Opinion October 29, 1914.

*Evidence received by Jurors out of Court.    Influence.    Replevin.    Revised Statutes, Chap. 84, Sec. 53.    Tendency to Influence Mind of Jury.*

1.   An action of replevin, in which verdict was rendered for plaintiff, reported to this court under R. S., Chap. 84, Sec. 53, on motion of defendant for new trial for alleged improper action of a juror in taking, without leave of court, a view of the article replevied and instituting comparisons between it and other articles.

2.   A juryman may testify to any facts bearing upon the question of the existence of the disturbing influence, but cannot be permitted to testify how far that influence operated upon his mind.

3.   The question of fact is not whether the mind of the juror was influenced but whether his act might have influenced his mind, was of such a nature as to have any tendency to influence it.

4.   It is not a violent presumption that evidence received by jurors or remarks made to them, out of court, or views without order of Court, more or less, affect jurors.

5.   In this case, nothing appears to rebut this presumption and we are unable to conclude that there is no possibility that the juror was unaffected by his examination and comparison.

On motion by defendant reported to Law Court in accordance with Revised Statutes, Chap. 84, Sec. 53.   Motion sustained.   New trial granted.

This is an action of replevin of a calf.   The maternity of the calf was an element in determining the question of title.   The defendant plead the general issue and filed a brief statement, alleging that the property and the right of possession in said calf described in said writ then was, and ever since has been and now is in him, and not in the plaintiff.

The case is stated in the opinion.

*R. J. McGarrigle*, for plaintiff.

*Ashley St. Clair*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

BIRD, J. In this action of replevin of a calf, a verdict was rendered for the plaintiff and the case is now here upon a motion for new trial reported in accordance with the provisions of R. S., Chap. 84, Sec. 53. It appears from the printed record that the maternity of the calf was an important element in determining the question of title at the trial. The Justice presiding had excluded evidence instituting a comparison between the calf and the cow alleged by plaintiff to be its dam. Subsequently and before verdict rendered, one of the jurors engaged in the trial of the cause went to the house of plaintiff and, denying to the plaintiff that he was connected with the Court in any way, was permitted to examine the calf and the cow so alleged to be its dam. The defendant did not learn of the action of the juror until after the rendition of verdict when he promptly filed his motion for new trial. It is not apparent that the juror in question mentioned his visit to the house of plaintiff to his fellows.

Subject to objection of defendant, the juror was permitted, with grave doubt on the part of the Court, to state that his examination and comparison of calf and alleged dam did not influence his decision in any manner. The objection was well taken. As said in *Harrington* v. *Worcester &c. Railway,* 157 Mass., 579, 581, "a juryman may testify to any facts bearing upon the question of the existence of the disturbing influence, but he cannot be permitted to testify how far that influence operated upon his mind." And in the same case it is remarked that the question of fact in such a case as the present is not whether the mind of the juror was influenced, but whether his act might have influenced his mind, or was of such a nature as to have any tendency to influence it. See also *Newell* v. *Ayer,* 32 Maine, 334; *Clark* v. *Lebanon,* 63 Maine, 393, 395; *Trafton* v. *Pitts,* 73 Maine, 408; *Heffron* v. *Gallupe,* 55 Maine, 563, 566; *State* v. *Hascall,* 6 N. H., 352, 361, 363.

The question therefore is whether or not the action of the juror might have influenced his mind or was of such a nature as to have any tendency to influence it. It is not a violent presumption that evidence received by jurors or remarks made to them, out of Court, or views without order of Court, more or less, affect jurors: *Cilley* v. *Bulett,* 19 N. H., 312, 324; *Bradbury* v. *Cony,* 62 Maine, 223, 227.

Nothing appears in the evidence reported to rebut this presumption. We are unable to conclude that there is no possibility (*State* v. *Hascall*, 6 N. H., 352, 363) that the juror was unaffected by his examination and comparison. See *Heffron* v. *Gallupe*, 55 Maine, 563, 568; *Belcher* v. *Estes*, 99 Maine, 314, 316.

> *Motion sustained.*
> *New trial granted.*