RACHEL YORK *vs.* HERBERT L. WYMAN.

Somerset.    Opinion November 6, 1916.

*Jurors. Statements made to or in the presence of jurors. Rule of law as to whether juror was or was not influenced by statements. Presumption as to statements made in presence of juror.*

Special motion by the defendant who asks that the verdict against him be set aside, and a new trial granted, because of the misconduct of a member of the jury which rendered that verdict.

The court places its seal of condemnation, not alone upon the attempts of parties by word or deed to influence or prejudice jurors outside the court room, but also upon the indiscretion of their friends along the same line. And we have not stopped to inquire whether the attempt was successful, nor whether the mind of a juror was actually influenced, but only whether or not the mind of a juror might have been influenced by the attempt, or whether the attempt might have any tendency to influence the mind of a juror.

In the present case a man, related to the plaintiff by marriage, stated to or in the presence and hearing of a juror, according to the testimony of one witness, that the defendant and his wife, both being material witnesses, had "lied like hell and that he hoped the woman (meaning the plaintiff) would get the case." To which the juror replied "that he thought so, too, and as far as he was concerned they would."· According to the testimony of another witness the man stated "that Wyman and his wife had swore to

a lie, or to that effect, and that the case should be decided to the woman" (meaning the plaintiff) ; and that the juror replied "I think so too." The juror had not only listened to attacks upon the credibility of material witnesses, but he had also uttered statements, before the cause had been finally submitted to the panel, indicating a fixed purpose on his part as to how he would vote when the verdict was under consideration. For either of these reasons the defendant's motion should be sustained.

Action of assumpsit. Verdict for plaintiff. After verdict, knowledge came to defendant that certain statements had been made by a relative of the plaintiff to, or in the presence of, a juror who was then sitting on said case, to the effect that the defendant and his witnesses were not telling the truth. After verdict, defendant filed a special motion for new trial, and hearing was held before the presiding Justice. After a full hearing, case was reported to Law Court for determination. Motion sustained. New trial granted.

Case stated in opinion.

*Merrill & Merrill,* for plaintiff.

*George W. Gower,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHIL-BROOK, JJ.

PHILBROOK, J. This case comes to us upon a special motion by the defendant who asks that the verdict against him be set aside, and a new trial granted, because of the misconduct of a member of the jury which rendered that verdict.

From the testimony presented in support of the motion it appears that while the case was still pending, and before the arguments of counsel had been made or the presiding Justice had delivered his charge to the jury, a member of the panel was at a livery stable in the town where the trial was in progress, for the purpose of stabling his horse. While there, a man, related to the plaintiff by marriage, stated to or in the presence and hearing of this juror, according to the testimony of one witness, that the defendant and his wife, both being material witnesses, had "lied like hell and that he hoped the woman (meaning the plaintiff) would get the case." To which the juror replied "that he thought so too, and as far as

he was concerned they would." According to the testimony of another witness the man stated "that Wyman and his wife had swore to a lie, or to that effect, and that the case should be decided to the woman" (meaning the plaintiff) ; and that the juror replied "I think so too."

This incident did not come to the knowledge of the defendant, or his attorney, until after the verdict had been rendered.

More than once, and in no uncertain language, we have placed the seal of condemnation, not alone upon the attempts of parties by word or deed to influence or prejudice jurors outside the court room, but also upon the indiscretion of their friends along the same line. And we have not stopped to inquire whether the attempt was successful, nor whether the mind of a juror was actually influenced, but only whether or not the mind of a juror might have been influenced by the attempt, or whether the attempt might have any tendency to influence the mind of a juror. *Heffron* v. *Gallupe,* 55 Maine, 563; *Bradbury* v. *Cony,* 62 Maine, 223; *Belcher* v. *Estes,* 99 Maine, 314; *Shephard* v. *L. B. & B. Railway,* 101 Maine, 591; *Driscoll* v. *Gatcomb,* 112 Maine, 289. In a sister jurisdiction we find *Nesmith* v. *The Clinton Fire Insurance Company,* 8 Abbott Practice Report, N. Y., 141, cited in *Bradbury* v. *Cony,* supra, where it was proved that during the trial of an action in which there was much conflicting evidence, a juror listened to the statements of a third party, attacking the credibility of the defendant's witnesses. The court held that when it appears that the jury have been approached in such a manner as might have influenced the verdict, it should be set aside, without reference to the source or the motive of the interference. This latter case bears strong resemblance to the one at bar. In *Cilley* v. *Bartlett,* 19 N. H., 312, one of the parties, in the presence and hearing of one or more of the jury, asserted in the most positive terms that the testimony of one of the most material witnesses for his opponent was utterly and absolutely false. He claimed that he did not know any one of the jury was present at the time, but the Justice who announced the opinion of the court said, "Whether he knew this fact or not, is not a matter that can be readily proved. But there will be no security for the proper administration of justice if a party, while his case is on trial, can be permitted to make statements denouncing his

opponent's witnesses, during the adjournment, after the jury have separated, whether he is aware of the presence of a juror or. not. . .. . The presumption is that when jurors hear such statements they are more or less affected by them." In that case new trial was granted for the reasons just given.

But we. do not stop with the phase of the case already discussed. The testimony shows statements made by the juror which should not be overlooked. In *Cooper* v. *Carr* 161 Mich., 405, also reported in 126 N. W., 468, it was stated as a well known rule that where, during the progress of the trial, and before the submission of the case, a juror has made statements outside the jury room concerning the case, or evidence offered therein, indicating a fixed opinion unfavorable to the moving party, or ill will towards him, it is ground for a new trial. In *Tomlinson* v. *Derby,* 41 Conn., 268, a new trial was ordered because one of the jurors sitting on the case assented to a statement made to him outside the jury room, by a person other than a juror, to the effect that if the trial should continue fifteen or twenty days, and the plaintiff should recover five thousand dollars, he would have nothing left after paying the expenses of the suit. The same juror, at another period of the trial, said substantially to another person, not a juror, that if the plaintiff should recover five thousand dollars there would be nothing left after paying the expenses of the case. In *Wightman* v. *Butler County,* 83 Iowa, 691, also reported in 49 N. W., 1041, a juror informed one not connected with the case "that he had made up his mind how he should decide it, and that the lawyers could not change him." This statement was made before the evidence was closed and the court ordered a new trial.

Many other authorities might be cited but we deem it unnecessary to go farther. Either the possible influence upon the mind of the juror by the statements made in his hearing as to the credibility of the defendant and his wife, or his own statement indicating a fixed purpose on his part as to how he would vote when the verdict was under consideration, would afford grounds for sustaining the. defendant's motion.

*Motion granted.*
*New trial ordered.*