AMOS N. WALKER *vs.* WALTER A. BRADFORD.

Franklin.    Opinion March 11, 1918.

*Bills of exceptions where the only question involved is one of fact.    General rule as to the court having full power and control over its conduct and proceedings.*

This was an action for breach of warranty in the sale of a horse.    A jury trial was had and a verdict returned for the plaintiff.    The motion to set aside the verdict states the case as follows:

"That the plaintiff was entertained by and occupied the house of a juryman on the panel which rendered a verdict in the cause, prior to and during the trial of the action.

The motion was addressed to the presiding Justice who ruled as follows:   "After hearing the testimony of the above named juryman, I grant the motion and set the verdict aside."

To this finding the plaintiff filed exceptions.

*Held:*

(1)    From inspection, it is evident that the motion presented no question of law.

(2)    The finding of the presiding Justice was upon a pure question of fact.

(3)    The plaintiff's exceptions, therefore, raise no question of law and for this reason bring nothing to the Law Court and should be dismissed.

(4)    The motion involved a proceeding that may be instituted independent of any statute.

(5)    From time immemorial, courts of record have been vested with inherent powers to compel obedience, or remove unwarranted interference with, the administration of Justice, and to protect their proceedings against imposition, fraud, or any other conduct involving contempt.

(6)    It is a power inherent in the constitution of a court and necessary not only to the exercise of its functions, but its very existence.

(7)    The common law, independent of any statute, vests the courts with plenary power over the conduct of its own proceedings.

Action on the case to recover damages for alleged breach of warranty in the sale of a horse.    Verdict for plaintiff in the sum of sixty-five dollars.    After verdict, defendant filed a motion to set aside the verdict, and after hearing, the presiding Justice granted the motion; to which ruling plaintiff filed exceptions.    Exceptions overruled.

Case stated in opinion.

*Currier C. Holman*, for plaintiff.

*K. A. Rollins, and Thomas D. Austin*, for defendant.

SITTING: SPEAR, KING, HANSON, PHILBROOK, JJ.

SPEAR, J. This was an action for breach of warranty in the sale of a horse. A jury trial was had and a verdict returned for the plaintiff for $65. The motion to set aside the verdict sufficiently states the case: "And now comes the defendant in the above entitled action after verdict and before judgment, and moves that the verdict may be set aside, and a new trial ordered for the following reasons, to wit:—

1. That the plaintiff, Amos N. Walker, was entertained by and occupied the house of H A. Compton, a juryman on the panel which rendered the verdict in the above entitled cause, prior to and during the trial of said action, and while the said H. A. Compton was also occupying and living in said house, all without the knowledge of the said defendant, Walter A. Bradford, or of his attorneys, prior to said verdict."

This motion was addressed to the presiding Justice who made the following finding: "After hearing the testimony of H. A. Compton, the above named juryman, I grant the motion and set the verdict aside. The plaintiff has 30 days in which to file exceptions."

To this finding, setting aside the verdict,—the plaintiff filed exceptions. From inspection, it is evident that the motion presented no question of law. The finding of the presiding Justice was upon a pure question of fact. The plaintiff's exceptions, therefore, raise no question of law and for this reason bring nothing to the Law Court and should be dismissed.

But, inasmuch as it is claimed that a motion to set aside a verdict for misconduct of a juror should be based on Sec. 109, Chap. 87, R. S., it may be regarded as proper to add, that in the opinion of the court it is unnecessary to inquire, whether the proceedings herein considered were authorized or in accordance with any provision of the statute. It is a proceeding that may be instituted independent of any statute.

It has been held, from time immemorial, that courts of record, during term time, at least, are vested with inherent powers to compel obedience to, or remove unwarranted interference with, the administration of justice, and to protect their proceedings against imposition,

fraud, or any other conduct involving contempt.   Such is the rule in all common Law Courts, at least.   It is a power inherent in the constitution of a court and necessary not only to the exercise of its functions, but to its very existence.   See note in *Clark* v. *The People*, 12 Am. Dec., 178.

Accordingly the common law, independent of any statute, vests the court with plenary power over the conduct of its own proceedings, including improper interference with, or conduct of, its jurors, the very essence of contempt.

It will moreover be conceded that the presiding Justice has the most satisfactory information upon which to act in so delicate and intimate a matter, as an inquiry into the facts, alleged to have had an improper influence upon the mind of a juror.   During the trial of a cause, he is in touch with the spirit and atmosphere of the case, understands the parties and witnesses, is without bias and adverse to any form of procedure tending to result in delay or expense.   The defendant's motion presented a matter entirely within the judicial discretion of the presiding Justice.   In the proper exercise of this discretion, having ordered the verdict set aside, his decision is final.

<em>Exceptions overruled.</em>