HARMON McPHEE BY ERNEST T. McPHEE *vs.* WALLACE S. LAWRENCE

AND

ERNEST T. McPHEE *vs.* SAME.

Kennebec.    Opinion November 30, 1923.

*The admissibility of photographs, whether verified or not, is addressed largely to the discretion of the presiding Justice, whose ruling thereon is not subject of exception, in absence of an abuse of discretion.    The admission of unidentified photographs not considered proper.*

In this case the admission of the identified photographs was within the discretion of the court and therefore proper. But the use of other unidentified photographs, their retention by the jurors during a long trial, and taking the same from the court room to their homes, was not proper.

The actual influence of such photographs is not, and cannot be known. The impressions they make on the minds of jurors, whatever the same may be, cannot be said to be founded upon legitimate testimony.

On exceptions and motion by defendant.   Two actions by agreement tried together; the first, an action on the case for personal injuries to Harmon McPhee resulting from the alleged negligence of the defendant in the operation of an automobile; the second, a similar action by the father of the minor who was injured to recover expenses resulting from the injuries.   The two cases were tried to a jury and a verdict of $8,533.50 was returned for Harmon McPhee, and a verdict for $2,500 was returned for Ernest T. McPhee.

Defendant excepted to the ruling of the presiding Justice in admitting certain unverified photographs, and also filed a general motion for a new trial.   Exceptions sustained.   Verdict in each case set aside.

The case is fully stated in the opinion.

*Ernest L. Goodspeed and George W. Heselton,* for plaintiff.

*Andrews, Nelson & Gardiner,* for defendant.

SITTING:  CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

HANSON, J.   These two cases were tried together; the first, an action on the case for personal injuries to Harmon McPhee, who brings this action by Ernest T. McPhee, his father and next friend, due to the alleged negligence of the defendant in the operation of an automobile; the other for the expenses resulting from the injuries claimed.  Verdicts were returned for the plaintiffs, and the cases are before us on exceptions and general motion by the defendant.

While there are many exceptions, it is necessary to consider but one.  The first exception relates to the admission of certain identified photographs as exhibits and certain other photographs not identified, and the use and retention of the latter by the jury under objection.  The exceptions state the facts involved as follows:  "In the course of the trial certain photographs of the scene of the accident, and its immediate environs, taken some months after the accident, were offered in evidence.   Objection was made by counsel for defendant to the introduction of this evidence, on grounds stated in the record.

"A large number of photographs, neither marked or identified, were distributed, two each, to each member of the jury, who, under objection, were allowed to receive and retain them."

The use of the identified photographs was within the discretion of the court and therefore proper.   Rodick v. Maine Central Railroad Company, 109 Maine, 530.   But the use of other unidentified photographs, their retention by jurors during a long trial, and taking the same from the court room to their homes, was not proper.   The actual influence of such photographs is not, and cannot be known.  The impressions they make on the minds of jurors, whatever the same may be, cannot be said to be founded upon legitimate testimony.   Each juror having possession of such photograph is liable to draw a wrong conclusion based upon his view of the same, or may assume therefrom a fact to be proved which the admissible evidence does not warrant, and thus unwittingly be carried beyond the limits of his duty, and a miscarriage of justice follow.   That such may or might be the effect is sufficient, we think, to invalidate a verdict, where as in the instant case such use of unidentified photographs

occurred, especially so, as out of twenty-six photographs in the possession of the jury but three of the number had been passed upon by the court. We think this exception should be sustained.

It is unnecessary to consider the motion.

*Exception sustained.*
*Verdict in each case set aside.*