MARY A. GREGORY

*vs.*

BENJAMIN C. PERRY.

Knox.     Opinion February 25, 1927.

*It is entirely within the discretion of the presiding justice as to whether or not a mistrial shall be granted because of the sudden illness of the husband of the plaintiff occurring in the court room in the midst of the trial and in the presence of the jury, and to his ruling no exceptions lie, in absence of abuse of discretion.*

The fixing of damages for mental and physical suffering is purely a jury question, and the verdict in this case not being so grossly excessive as to clearly indicate bias or prejudice, must stand.

On exception and general motion.   An action of tort to recover damages for personal injuries sustained by plaintiff by being hit while walking along the Atlantic Highway in Rockport on January 13, 1926, by an automobile owned by defendant and being operated by one Lewis G. Coltart, with whom defendant was riding.   Plaintiff alleged negligence, and defendant pleaded the general issue and under a brief statement set up contributory negligence.   Defendant moved for a mistrial which was denied, and exception taken.   A verdict of $8,293.50 was rendered for plaintiff and defendant filed a general motion for a new trial.   Exception and motion overruled.

The case fully appears in the opinion.

*O. H. Emery*, for plaintiff.

*William H. Gulliver and John B. Thomes*, for defendant.

SITTING:   WILSON, C. J., PHILBROOK, DEASY, BARNES, PATTANGALL, JJ.

WILSON, C. J.   An action for personal injuries received by the plaintiff through the alleged negligence of the defendant in operating

his automobile. In the course of the trial, the plaintiff's husband while sitting within the bar in the full view of the jury, suffered a cerebral hemorrhage, received medical attention, and was removed from the court room, resulting in a temporary suspension of the trial. The jury awarded a verdict for the plaintiff and assessed damages in the sum of $8,293.50.

The defendant requested that a mistrial be ordered by reason of the husband's illness occurring in the presence of the jury on the ground that it may have unduly enlisted the sympathy of the jury, which motion was denied and exceptions allowed. The case is before this Court on the defendant's exceptions, and a motion for a new trial on the ground that the damages are excessive.

The exceptions can not be sustained. The ordering a mistrial in such a case was discretionary with the presiding Justice. No abuse of discretion is shown. He was present and could better judge whether the incident would be likely to adversely affect the defendant than this Court from the printed page or a description by counsel in argument. There is no suggestion of feigned illness or improper conduct.

That a verdict was warranted upon the evidence is not questioned. The only ground upon which it is attacked is that it is clearly excessive.

That the plaintiff was severely bruised and received a severe shock was not questioned, and from the testimony, the jury was warranted in finding that her physical conditions described by her family, friends, and physicians were due to the accident and the defendant's negligence, and were also warranted in concluding that at her age, her complete recovery was doubtful, that she might reasonably be expected to pass the remainder of her days suffering in a greater or less degree from the injuries and the shock she received. Her physical pains may disappear, but from the testimony of the physicians and of the expert medical testimony, the jury may have properly concluded that not only the injury to her nervous system from the shock may prove to be permanent but that a "lighting up" of a previous tendency to arteriosclerosis may have resulted, and that she will pass the remainder of her days in impaired health.

Courts recognize that compensation for such injuries is difficult to measure. No standard exists. It is distinctly a question for a jury. Juries upon a similar state of facts in different cases have differed widely in their estimates of the damages. Individual cases, there-

fore, offer little help by way of comparison. The only rule for this Court to follow is that, unless the damages for this class of injuries in a given case appear to be grossly excessive, the judgment of twelve men acting under their oath as jurymen must stand. "It is always a delicate undertaking to set aside a verdict on account of excess of damages, especially in cases where the rules by which they are to be measured are vague and uncertain." *Howard* v. *Grover*, 28 Me., 97. It must appear that, taking the evidence most strongly in favor of the plaintiff, the verdict was clearly excessive. *Donnelly* v. *Granite Co.*, 90 Me., 110, 119; *Boyd* v. *Bangor Ry. & Elec. Co.*, 111 Me., 332, 335.

The verdict in the case at bar was large and approaches, if it does not reach, that "ultimate bounds", that it is the duty of this Court to see is not "greatly overstepped." *O'Brien* v. *J. G. White & Co.*, 105 Me., 308. But taking the testimony of the physicians as to her probable recovery in its strongest light in her favor, we are unable to say that the verdict was so clearly the result of bias or prejudice or sympathy and not the calm, dispassionate judgment of the twelve men who heard the evidence that it must be set aside, even though from the printed record this Court might have awarded a materially lesser sum.

*Exception and motion overruled.*