MICHAEL J. ELLIS *vs.* CHARLES PLUMMER EMERSON.

Cumberland.      Opinion November 19, 1929.

380

*Hinckley, Hinckley & Shesong,* for plaintiff.
*Jacob H. Berman,*
*Benjamin L. Berman,*
*Edward J. Berman,*
*David V. Berman,* for defendant.

SITTING: DEASY, C. J., DUNN, STURGIS, FARRINGTON, JJ.

STURGIS, J.    This case comes forward upon a motion by the defendant for a new trial upon the usual grounds with a special motion alleging misconduct of the plaintiff's attorney.

"If either party, in a cause in which a verdict is returned, during the same term of the court before or after the trial, gives to any of the jurors, who try the cause, any treat or gratuity, * * the court, on motion of the adverse party, may set aside the verdict and order a new trial." R. S., Chap. 87, Sec. 109.

This statute, expressing the strong purpose of the lawmaking body that party litigants are entitled to jurors free from all improper influences, affirms the seal of condemnation at all times placed by courts upon improper interference with the impartiality of jury verdicts. Included in Chapter 84 of the Public Laws of 1821 and in all subsequent revisions, the power of reversal there given has been exercised by this court consistently where violations óf the statute were made to appear. The law is founded upon public policy. Its strict enforcement is imperative.

In *Bradbury* v. *Cony,* 62 Me., 223, Appleton, C. J., in stating the opinion of the court said: "Every party litigant is entitled to a fair and impartial trial without bias or prejudice on the part of

jurymen and without any interference by the opposing party or his relatives or friends. * * It is immaterial whether such interference is the result of design or of ignorance; the effect in either case is the same. * * * In the trial of a cause, the appearance of evil should be as much avoided as evil itself. It is important that jurymen should be devoid of prejudice. It is hardly less so, that they should be free from the suspicion of prejudice."

In *Shepard* v. *Street Railway*, 101 Me., 591, the opinion of the court is "It need not be said that Courts are jealous of the purity of jury trials and that they will use their full power to prevent partial and prejudiced verdicts and to set them aside if once obtained. It is necessary that litigating parties should be able to try their rights before jurors impartial, unbiased and unprejudiced by passion or affection. It is equally necessary in the administration of justice that parties and the public should have reason to feel that the trial has been impartial and that the verdict has not been clouded by the suspicion of prejudice. The error in judgment of a merely human tribunal will be forgiven and forgotten, but not any taint of unfairness."

In the case at bar it is stipulated that on the day following the rendition of a verdict for the plaintiff, his attorney invited the jurors, who sat on the case, to take dinner with him. On the next day, with the exception of two or three then absent, the jurors accepted the invitation and the dinner was ordered. Before the dinner hour, however, this statute was called to the attorney's attention and he withdrew his invitation. It is agreed that the attorney did not have prior knowledge of the statute and did not contemplate extending the invitation before the verdict.

Attorneys represent their clients. Their acts of omission and commission are to be regarded as the acts of parties they represent. *Beale* v. *Swasey*, 106 Me., 35. Lawyers are bound to exercise the highest degree of honor and integrity and the utmost good faith in the trial of causes. A disregard for the purity of jury trials by attorneys, who are officers of the court, finds no defense in ignorance or inattention. The improprieties of this case can not be excused.

The statute is remedial. The mischief to be remedied is public as well as private. The integrity of jury trials lies at the very

foundation of our judicial system and a weakness found there breaches public confidence. The statute seeks to safeguard the verdict during the term, after, as well as before, the trial. It is the duty of this court to give such liberal construction to the statute as will most effectually meet the beneficial end in view, prevent a failure of the remedy and advance right and justice. To effectuate the legislative intent cases within the reason of the law must be included. *Steward* v. *Allen*, 5 Me., 107; *Quimby* v. *Buzzell*, 16 Me., 474; Endlich on the Interpretation of Statutes, Secs. 103, 108; Sutherland on Statutory Construction, Vol. 2, p. 1244.

To the jury which brought in the plaintiff's verdict, there was voluntarily given an invitation to dinner. It was given free and without recompense. It may have been extended only in the spirit of genial courtesy and hospitality but it permits of the construction that, within the definition of "gratuity" by the lexicographer, it was "something voluntarily given in return for a favor or service." We are convinced that it must be recognized as a gratuity prohibited by the statute and the seal of condemnation put upon it.

Without a consideration of the general motion, upon the defendant's special motion a new trial is granted.

*Special motion sustained.*
*New trial granted.*