STATE OF MAINE *vs.* ERNEST C. BROWN ET AL.

Cumberland.     Opinion June 19, 1930.

*Ralph M. Ingalls*, County Attorney.
*Walter M. Tapley*, Assistant County Attorney, for State.
*Harry E. Nixon*, for respondents.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, JJ. MORRILL, A. R. J.

DUNN, J. Having been convicted, on trial by jury, of the felony of adultery, the respondents jointly moved the presiding justice that, as to each of them, the verdict be set aside, and a new trial granted.

The motion alleged that the misconduct of a deputy sheriff, active in the prosecution, in extending free transportation to a juror, vitiated the verdicts.

The motion was overruled, and this appeal made. R. S., chap. 136, sec. 28.

Whether, in the evidence, there had been room to find the respondents guilty, is not of concern.

"If either party, in a cause in which a verdict is returned, during the same term of the court, before or after the trial, gives to any of the jurors who try the cause, any treat or gratuity, * * * the court, on motion of the adverse party, may set aside the verdict and order a new trial." R. S., chap. 87, sec. 109.

Statutory intention is that, where treat or gratuity has had, or might have had, an effect unfavorable to the opposing party, the verdict, whether right or not, should be set aside. *York* v. *Wyman*, 115 Maine, 353.

A deputy sheriff, who had been detailed to investigate the actions of the respondents, got the evidence which led to their indictment.

The deputy did more than attend to his detail. For twenty dollars, paid by the husband of the afterward indicted woman, the deputy sheriff "worked for (the) interest" of the husband.

This deputy, during the sitting of the trial court, the Superior Court for Cumberland county, at Portland, was a jury officer.

The deputy did not live in Portland, but in an outlying town, from which he came to court each day, in an automobile which he himself drove, accompanied, from their several homes, by another deputy sheriff, one of the jurors, and a supernumerary. The juror paid nothing for riding.

When the case against the respondents came on for trial, the juror served on the panel. The deputy sheriff, relieved temporarily as jury custodian, witnessed for the prosecution.

The State, as party to a prosecution, can act only through officers or agents.

Deputy sheriffs are public officers. They owe to the aggregate public, and not alone to a single member of the body of the people, the impartial performance of official duties.

The act of the deputy sheriff, in getting evidence, must be regarded as that of a party adverse to the respondents. *Lavalley* v. *State* (Wis.), 205 N. W., 412.

The giving of each ride, whether with ulterior motive, in mere courtesy or civility, or in thoughtless indiscretion, was improper conduct. *Bean* v. *Camden, etc., Co.*, 125 Maine, 260. The extension of favors arouses either conscious or unconscious gratitude in normal persons.

Better that there should be the disturbance of a verdict, the case in which it is returned to stand for trial anew — better, even, that a guilty person should escape punishment — than that there should be countenance of a verdict not free from improper influence, or the suspicion thereof. The appearance of evil should as much be avoided as evil itself. *Bradbury* v. *Cony*, 62 Maine, 223, 225. Too much care and precaution cannot be used to keep jury trials pure. *Knight* v. *Inhabitants of Freeport*, 13 Mass., 218, 220; *Drake* v. *Newton*, 23 N. J. L., 111.

> *Appeal sustained.*
> *Verdicts set aside.*
> *New trial granted.*