ALFRED J. RIOUX *vs*. PORTLAND WATER DISTRICT.

PHILIP GREGOIRE *vs*. PORTLAND WATER DISTRICT.

HENRY TARDIFF *vs*. PORTLAND WATER DISTRICT.

Cumberland.      Opinion, January 17, 1934.

*Bernstein & Bernstein*, for plaintiffs.
*David E. Moulton,*
*William B. Mahoney,*
*Theodore Gonya*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

STURGIS, J.   These three actions on the case for negligence were tried together. They are based on allegations that, as a result of the negligent manner in which the defendant left a highway after repairing a broken water main, the automobile in which the plaintiffs were riding, skidded and collided with a tree and they were seriously injured. Pleas of the general issue were filed and the verdicts were for the defendant.

During the trial Carl Hanson of Westbrook was called for the defense. As the court adjourned after his testimony had been completed and he had been excused as a witness, one of the jurors sitting on the cases, who also lived in Westbrook, invited him to ride home with him in his automobile. The invitation was accepted. The juror and his daughter, who was driving the automobile, were in the front seat, with the witness sitting alone in the rear seat when they started, but soon joined by two acquaintances who were picked up on the road. When the witness reached his home he alighted from the car. The juror and his daughter continued on towards Westbrook.

On the following morning counsel for plaintiffs, who had seen the witness ride away with the juror, moved for a mistrial of the cases. After hearing, the motions were denied. Exceptions seasonably noted and perfected, as also motions for new trials, bring the cases to this court.

EXCEPTIONS.

The Justice presiding at the trial made careful inquiry into the conduct of the juror and the witness. They and the attorney who had reported the incident were examined under oath and at length as to all that was said and done before and during the ride. It appearing, however, that the cases had been in no way discussed, the trial was allowed to continue with the juror in the panel, and the finding was made that "the incident was entirely harmless," the juror "has in no sense been influenced," and "I believe that he can and will act as an impartial juror." The finding was upon a pure question of fact. The refusal to order a mistrial was a matter of discretion. When the determination of any question rests in the judicial discretion of the trial court, the exercise of that discretion can not be reviewed by an appellate court unless it is made to appear that the decision was clearly wrong or that it was based upon some error in law. *Water District* v. *Water Company*, 100 Me., 268, 61 A., 176; *Goodwin* v. *Prime*, 92 Me., 355, 362, 42 A., 785. It is abuse of judicial discretion which is open to exceptions. *Gregory* v. *Perry*, 126 Me., 99, 136 A., 354; *Ritchie* v. *Perry*, 129 Me., 440, 445, 152 A., 621.

The question before the trial Judge on the motions for mistrials was whether or not the acts of the juror and the witness might have influenced the juror's mind, or were of such a nature as to have any tendency to influence it, rather than whether the mind of the juror had been actually influenced. *Driscoll* v. *Gatcomb*, 112 Me., 289, 92 A., 39; *York* v. *Wyman*, 115 Me., 353, 98 A., 1024; *Bean* v. *Fuel Company*, 125 Me., 260, 132 A., 892. This rule excludes actual influence on the juror as a test of the necessity for a mistrial, but does not preclude an inquiry into it. In many instances we have no doubt such an inquiry is the only logical and practical approach to the real question to be decided. This seems to be the case here. Although the presiding Justice found that the juror "has in no sense been influenced," he then stated his belief that the

juror "can and will act as an impartial juror." This, we think, was intended and may be properly viewed as equivalent to a finding that the acts of the juror and the witness were not of a character which might have influenced or had any tendency to influence the juror's mind. This was the test required by the law. It does not appear to have been disregarded or nullified by the examination into and observations concerning actual influence. We find no abuse of discretion.

MOTIONS.

This is not a case where a party, his counsel or friends have attempted to influence the juror as in *Heffron* v. *Gallupe*, 55 Me., 563 ; *McIntire* v. *Hussey*, 57 Me., 493 ; *Bradbury* v. *Cony*, 62 Me., 223 ; *Belcher* v. *Estes*, 99 Me., 314, 59 A., 439. The juror has neither received nor been offered any treat or gratuity. *State* v. *Brown*, 129 Me., 169, 151 A., 9 ; *Ellis* v. *Emerson*, 128 Me., 379, 147 A., 761 ; *Bean* v. *Camden Lumber Co.*, 125 Me., 260, 132 A., 892. The juror has not received evidence out of court or discussed the case or expressed an opinion during the trial, as in *Driscoll* v. *Gatcomb*, supra ; *Winslow* v. *Morrill*, 68 Me., 362 ; *Bradbury* v. *Cony*, supra ; *Bowler* v. *Washington*, 62 Me., 302. Here it does not appear that contact and association with the witness has or could have affected the juror's verdict. The testimony given by the witness on the stand is not reported. It may have been entirely trivial and of no real importance in determining the issues raised. If it was in any way vital to the case, it should have been brought forward. We find no ground for presuming or even suspecting that the testimony of this witness assumed undue weight or consequence in the mind of the juror as a result of their ride.

This Court has not hesitated to place its seal of condemnation on verdicts not free from improper influence upon the jury by parties, counsel or friends, or tainted with suspicion thereof. *State* v. *Brown*, supra ; *Ellis* v. *Emerson*, supra ; *Bean* v. *Fuel Company*, supra. But harmless conduct on the part of the juror, which has no tendency to impair his impartiality or affect the purity of the verdict, and for which the parties have no responsibility, has not been deemed a sufficient reason for granting a new trial. In *Gifford* v. *Clark*, 70 Me., 94, 96, where jurors were found to have received out

of court accidental and casual knowledge of facts involved in the issue, this Court said: "Where neither the jurors nor the prevailing party or their agents or friends have been guilty of any misconduct, it is not likely to tend to the advancement of justice to grant new trials at the instance of obstinate litigants on account of the accidental knowledge of some one or more of the jurors respecting some matter of fact involved in the issue, when it does not appear that that knowledge affected the result, or prevented the jury from deciding according to the law and the evidence." And in *Parsons* v. *Huff*, 38 Me., 137, 140, this statement is approved. "When the parties have not misbehaved, there seems no good reason why they should be exposed to the expense and vexation of a new trial on account of the misbehavior of the jury, if there is nothing in the transaction which gives reason to suspect the purity of the verdict."

The motions for new trials are based solely on the alleged misconduct of the juror and the witness. For the reasons stated, the verdicts can not be disturbed.

*Exceptions overruled.*
*Motions overruled.*