EDWARD DEROSBY *vs.* ALEX A. MATHIEU

Kennebec.    Opinion, November 5, 1938.

*Arthur Cratty,* for plaintiff.
*F. Harold Dubord* (Law Court only)
*A. A. Matthieu,*
*William H. Niehoff,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.   This case comes up on exception to the refusal of the presiding Justice to grant a new trial for alleged violation of R. S., Chap. 96, Sec. 111. This statute reads:

"If either party, in a cause in which a verdict is returned, during the same term of the court, before or after the trial, gives to any of the jurors who try the cause, any treat or gratuity, . . . the court, on motion of the adverse party, may set aside the verdict and order a new trial."

The motion was presented to the presiding Justice upon an agreed statement of facts, in substance as follows: After rendition of verdict, counsel for the plaintiff, and the plaintiff and two of his witnesses, were about to return from Augusta to Waterville in his automobile when a juror living at Waterville requested a ride thereto at the suggestion of a deputy sheriff. It was further stipulated and agreed that there was no improper motive in granting the gratuity to the juror.

The Court in recent decisions has spoken with definite certainty and clarity in interpretation of the statute here invoked.

In *York* v. *Wyman*, 115 Me., 354, 98 A., 1024, appears the following:

"We have placed the seal of condemnation, not alone upon the attempts of parties by word or deed to influence or prejudice jurors outside the court room, but also upon the indiscretion of their friends along the same line. And we have not stopped to inquire whether the attempt was successful, nor whether the mind of a juror was actually influenced, but only whether or not the mind of a juror might have been influenced by the attempt, or whether the attempt might have any tendency to influence the mind of the juror."

This language is reiterated in *Bean* v. *Fuel Co.*, 125 Me., 260. In that case, counsel for the plaintiff tendered to one of the jurors and the latter accepted gratuitous conveyance in an automobile of such counsel over a distance which would have, by public convey-

ance, entailed upon the juror the expenditure of money. There, the gratuity was offered and accepted before the trial ended. In the present case it was after verdict.

The statute, however, makes no distinction so long as it occurred at the same term of court. As said in *Ellis* v. *Emerson*, 128 Me., 379, 147 A., 761, 762:

"The statute seeks to safeguard the verdict during the term, after, as well as before, the trial. It is the duty of this court to give such liberal construction to the statue as will most effectually meet the beneficial end in view, prevent a failure of the remedy and advance right and justice. To effectuate the legislative intent cases within the reason of the law must be included."

In almost all of the cases of this character, the motion for a new trial has been presented directly to the Law Court. This is the better practice. In *Walker* v. *Bradford*, 117 Me., 147, 103 A., 15, however, the method here adopted of presenting the motion to the presiding Justice was used and it was held that the power of the Trial Court to compel obedience to or remedy unwarranted interference with the administration of justice was inherent in all common-law courts.

It is clear, however, that upon motions presented to the Law Court the doctrine that the decisions of the court stand as precedents for future guidance would apply. Positive is the declaration in *State* v. *Brown*, 129 Me., 169, 151 A., 9 (where again the motion was made to the presiding Justice and overruled), as follows:

"Statutory intention is that, where treat or gratuity has had, or might have had, an effect unfavorable to the opposing party, the verdict, whether right or not, should be set aside."

"Better that there should be the disturbance of a verdict, the case in which it is returned to stand for trial anew — better, even, that a guilty person should escape punishment — than that there should be countenance of a verdict not free from improper influence, or the suspicion thereof. The appearance of evil should as much be avoided as evil itself. Too much care and precaution cannot be used to keep jury trials pure."

Therefore, while the presiding Justice may under the statute be clothed with discretionary power, yet such authority must be exercised in accordance with settled doctrines enunciated by this Court as vital and essential requisites to the proper trial of cases and the administration of justice. The entry must be

*Exceptions sustained.*