Harold G. SIMMONS

v.

**STATE of Maine, Acting By and Through its STATE HIGHWAY COMMISSION.**

Supreme Judicial Court of Maine.

Aug. 26, 1966.

James Blenn Perkins, Jr., Boothbay Harbor, for plaintiff.

Paul G. Creteau, Counsel, Maine State Highway Commission, Cape Elizabeth, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN, and DUFRESNE, JJ.

MARDEN, Justice.

On report under the provisions of Rule 72 M.R.C.P. Following verdict in the trial of a case involving land damage, it came to the attention of the presiding Justice that one of the jurors had in his possession a book entitled "Questions and Answers on Real Estate," by one R. W. Semenow dealing in part with the appraisal of real estate. The presiding Justice, with knowledge and cooperation of counsel involved, and upon written motion by the defendant that the verdict be set aside and a new trial granted, interrogated under oath, in which examination counsel participated, four of the jurors from the panel which had been charged with the case.

The record of this interrogation discloses that the trial of the case occupied two days. One of the jurors, and one of those interrogated, was a real estate dealer, who, on the evening of the first day of trial, had refreshed his recollection on principles of real estate appraising from the reference book, which he owned, and which he had used as a text in preparing to qualify as a real estate broker. He brought this book with him on the morning of the second day of trial, showed a portion of the book dealing with appraisals to a fellow member of the jury, who was riding to court with him, and took the book with him to the jury room, where a third member of the jury read a portion of the material dealing with appraisal, before court convened for that day. The book remained in the jury room, with some disagreement as to whether it was in a chair partially concealed by the owner's coat, or on the table in the jury room, around which the panel deliberated. All agreed that neither the book nor its contents were discussed during deliberation of the case.

With consent of counsel, the owner of the book testified that he had participated in the deliberation leading to the verdict, expressed his thinking as to the amount of damage and gave his reason therefor, after which the verdict was reached, upon one ballot. The presiding Justice filed written decision reciting facts substantially as above, and concluded that the jurors acted entirely in good faith; that there was no testimony that the decision of the three jurors who had read from the book was influenced by it; that the presence of the book and its character was of "great potentiality for influencing a jury"; that a jury "must get their instruction as to the manner in which they determine real estate values from the court and not from their own perusal of books"; and that because of the tendency of this book to influence the jury, the verdict must be set aside and a new trial granted.

By stipulation the question was reported under Rule 72 M.R.C.P.

Preliminarily, it may properly be reiterated that the testimony of a juror under a situation such as this, as to facts "touching his own conduct * * *, or the acts or declarations of a party to or with him, touching the question pending" is a proper subject of exploration, but " * * * the testimony of the jurymen, as to what transpired in their deliberations, when acting as a jury, * * * " is not admissible in such an examination. Heffron v. Gallupe, 55 Me. 563, 566. See also Driscoll v. Gatcomb, 112 Me. 289, 290, 92 A. 39, L.R.A.1915B, 702. The limited exploration in this area in the present case was with consent of counsel.

The ultimate question is whether the setting aside of the verdict and the granting of a new trial was error.

The factual question represents (a) the aspect of unauthorized evidence going to the jury room, although brought about by an act in good faith of one of the jurors; and (b) the aspect of a juror undertaking an independent investigation of what he considers relevant facts.

Under 14 M.R.S.A. § 1353 is the provision that the court, on motion of adverse party, may order a new trial if either party purposely introduces among the papers delivered to the jury any papers which were not offered in evidence. The granting of a new trial under this statute is specifically discretionary. The irregularity here does not fall within this statute, but the motion for a new trial may be instituted independent of any statute and acted upon through the court's inherent control over the conduct of its own proceeding, including conduct of its jurors, and such a motion presents a matter entirely within the judicial discretion of the presiding Justice. "In the proper exercise of this discretion, * * * his decision is final." Walker v. Bradford, 117 Me. 147, 149, 103 A. 15, 16. See also Balavich v. Yarnish, 149 Me. 1, 5, 97 A.2d 540.

As to that aspect of the problem involving the presence in the jury room of documentary evidence not properly presented and admitted at trial, it is basic that the presence of such is improper. 39 Am. Jur., Trial § 72, and McPhee v. Lawrence, 123 Me. 264, 265, 122 A. 675, (photographs). Paraphrasing *McPhee*, from page 265, it may be said here, that the actual influence of such evidence is not, and cannot be known. The impression it makes cannot be said to be founded upon legitimate evidence. Each juror exposed to such evidence may assume therefrom a fact which the admissible evidence does not warrant. "That such may or might be the effect is sufficient, we think, to invalidate a verdict, * * *" at page 265, 122 A. at page 675. See also State v. Slorah, 118 Me. 203, 106 A. 768, 4 A.L.R. 1256.

It appears from the present record that three of the jury were exposed to the contents of this book, and plaintiff urges that the entire panel should have been questioned before a ruling upon the motion could properly be made, but the principle established in the decided cases, both supra and post, does not justify a present holding that the presiding Justice abused his discretion. The possibility of the mind of one juror being influenced, is sufficient to cause a verdict to be set aside. See Driscoll v. Gatcomb, 112 Me. 289, 92 A. 39, L.R.A.1915B, 702.

Coupled with the presence in the jury room of "outside" evidence is the fact that it came there because a juror, in substance, proposed to make his own independent investigation of the measure of damage. In *Heffron*, supra, a juror solicited from the defendant a copy of evidence given at a former trial, and the court in pointing out that the law is extremely tenacious of this cardinal doctrine that evidence is to be presented in open court in the presence and under the direction of the presiding Judge, granted a new trial.

In Bowler v. Inhabitants of Washington, 62 Me. 302, 305, a juror made an independent investigation of a road condition allegedly defective, was influenced in his decision by what he saw and heard, and reported it in the jury room. A new trial was granted for "the effect which such misconduct did have, or might have had, on the verdict."

In Winslow v. Morrill, 68 Me. 362, a juror made independent investigation of alleged stream pollution, and upon the principle that jurors must decide cases upon such evidence as is produced before them by the parties, a new trial was granted. This case is cited and followed in Eckel v. Breeze (1960), 221 Or. 572, 352 P.2d 460.

In Driscoll v. Gatcomb, 112 Me. at page 290, 92 A. at page 39, supra, a juror independently examined livestock involved in the litigation, and though it was not apparent that he reported his visit to fellow jurymen, a new trial was granted and the court said:

"The question, therefore, is whether or not the action of the juror might have influenced his mind or was of such a nature as to have any tendency to in-

fluence it. It is not a violent presumption that evidence received by jurors * * *, out of court, or views without order of court, more or less, affect jurors: * * *. Nothing appears in the evidence reported to rebut this presumption. We are unable to conclude that there is no possibility * * * that the juror was unaffected by his examination and comparison."

See also Derosby v. Mathieu, 136 Me. 91, 2 A.2d 170, witness and juror sharing transportation, in which exception to denial of motion for new trial was sustained; Ellis v. Emerson, 128 Me. 379, 147 A. 761, where prevailing counsel invited jurors to dinner and although invitation was withdrawn, a new trial was granted; State v. Brown, 129 Me. 169, 151 A. 9, in which a jury officer, who was also an investigating officer, gave a juror transportation, and a new trial was granted; York v. Wyman, 115 Me. 353, 98 A. 1024, L.R.A.1917B, 246, where relation to one of the parties made prejudicial comment to a juror, and a new trial was granted; Bradbury v. Cony, 62 Me. 223, where party's son took three jurors on a view and new trial granted.

There are cases in this jurisdiction in which, upon comparable grounds, the denial of a motion for a new trial by the presiding Justice was held no abuse of discretion. See Rioux v. Portland Water District, 132 Me. 307, 170 A. 63, where witnesses and juror shared transportation and, upon investigation, trial court held "the incident was entirely harmless" and upon exceptions it was held that the trial court's discretion "cannot be reviewed by an appellate court unless it is made to appear that the decision was clearly wrong or that it was based upon some error in law." See also Balavich, supra, Walker, supra, 117 Me. at 149, 103 A. 15, and Gifford v. Clark, 70 Me. 94.

For annotation "Prejudicial effect of jury's procurement or use of book other than lawbook during deliberations," see 54 A.L.R.2d 738 et seq., and A.L.R.2d. Later Case Service. Citations from the latter lead us to four recent cases with issues comparable to ours.

In Davis v. Kansas City Public Service Co. (1950) Mo., 233 S.W.2d 669, a motor vehicle negligence case, the foreman of the jury procured information from a Public Library on "the stopping distances of automobiles at various speeds on application of the brakes" and reported to the other jurors. The granting of a new trial was held error, for it was held that the juror's efforts did not prejudice the complaining party.

In Frazier v. Beard (USDC, W.D.Va. 1962), 201 F.Supp. 395, the same type of information was procured by a juror, with the same result, inasmuch as it did not affirmatively appear that the rights of the complaining party had been prejudiced.

In Harden v. Illinois Central Railroad Company (1961), 253 Iowa 341, 112 N.W.2d 324, a juror procured the same information. The court in this case followed our Maine rationale, holding that the presence of this "chart" in the jury room "must be to, and it is reasonably probable that it did, influence the verdict" and a new trial was ordered.

In Thomas v. Kansas Power and Light Company (1959) 185 Kan. 770, 340 P.2d 379, involving accidental electrocution, one juror borrowed a book on electricity and studied the arcing characteristics of electricity which he relayed to the jury, and a new trial was granted upon a holding, [9] page 386, that the misconduct in question permeated the verdict and that it affirmatively appeared that the defendant's rights were prejudiced.

Within principles long established and designed to protect the purity of a verdict, and the confidence of litigants

in the trial process we affirm the declaration in Driscoll, supra, that evidence received by a juror "out of Court" or views taken by a juror without order of Court raises a presumption that the resultant verdict is affected. In the absence of a finding by the trial court that upon the evidence before it the presumption is caused to vanish (See Hinds v. John Hancock Mutual Life Insurance Co., 155 Me. 349, 364, 155 A.2d 721, 85 A.L.R.2d 703), a new trial is in order as a matter of law.

The finding made by the trial court may be reviewed by testing the discretion of the presiding Justice under recognized principles. See *Rioux*, supra. Both the finding of fact and the ruling of law here reviewed is without error.

Stay of proceedings lifted and remanded for a new trial.