CHARLES E. WINSLOW vs. CHARLES E. MORRILL.

Cumberland. Decided July 1, 1878.

*New trial. Jurors.*

Jurors should decide cases upon such evidence as is produced before them by the parties to the litigation, and not go in search of evidence privately, or act upon evidence thus obtained.

ON MOTION, from the superior court, by the defendant for a new trial because, among other grounds, of the misconduct of Edward S. Hacker, one of the jurors who tried the cause.

The plaintiff's declaration avers that he was the owner and occupier of a milk farm in Deering, through which ran Fall brook, a stream from which his cows were accustomed to drink; and that the defendant erected on the stream near its source and above the plaintiff's premises, a currier and wool pulling shop, in which he used noxious and poisonous mixtures, compounds and substances, and permitted the same, and all the filth of the said currier and wool pulling shop to flow into said brook; by reason whereof the plaintiff's cows became poisoned by drinking the polluted water, shrank in flesh, gave poorer milk and less of it, etc. The damages were laid at $2,000.

The plea was not guilty, with a brief statement, alleging that the substances from the defendant's premises were trifling in quantity; that the stream was purified of them by running a great distance before reaching the plaintiff's premises, and that the pollution of the water, if any, was caused by impurities from sources other than the premises of the defendant. The defendant also claimed a prescriptive right of drainage into the brook in question.

The alleged misconduct of the juror, which the evidence taken in support of the motion tended to prove, was that, while the case was on trial, without leave of court, and without the consent or knowledge of the defendant, he visited the defendant's wool shop, and investigated its location as to the stream, and drain, and water supply, about which there was conflicting testimony, and imparted his supposed knowledge thus obtained to his fellow

jurors, together with the fact that he had examined the premises himself.

*A. A. Strout & G. F. Holmes,* for the defendant.

*M. P. Frank & P. J. Larrabee,* for the plaintiff.

WALTON, J.  It is now well settled that jurors must decide cases upon such evidence as is produced before them by the parties to the litigation, and that they cannot go in search of evidence privately, or act upon evidence thus obtained.  *Heffron* v. *Gallupe,* 55 Maine, 563.  *Bowler* v. *Washington,* 62 Maine, 302.

The court is of opinion that the conduct of Mr. Hacker, one of the jurors who tried this cause, was such, in this particular, as entitles the defendant to a new trial.

*Motion sustained.   New trial granted.*

APPLETON, C. J., BARROWS, VIRGIN and PETERS, JJ., concurred.