PEPPERCORN, Appellant, vs. THE CITY OF BLACK RIVER FALLS, Respondent.

PEPPERCORN, Respondent, vs. THE CITY OF BLACK RIVER FALLS, Appellant.

*November 13 — December 11, 1894.*

(1, 2) *Injuries to minor: Damages.* (3, 4) *New trial: Misconduct of jurors: Unauthorized view: Evidence.*

1. In an action for personal injuries sustained by plaintiff while a minor, if she was not emancipated she cannot recover for any loss of her time during her minority.

2. Nor can the plaintiff in such case recover for moneys voluntarily paid or liabilities voluntarily incurred by others in her behalf for medical attendance or medicines.

3. Without any view having been authorized, and without the knowledge of those representing the defendant in an action for injuries caused by a defective sidewalk, some of the jurors examined the place of the accident for the purpose of ascertaining the condition of the walk. *Held,* that a verdict for plaintiff should have been set aside.

4. Affidavits of the jurors were competent to show such misconduct.

APPEALS from a judgment of the circuit court for Jackson county: W. F. BAILEY, Circuit Judge. *Affirmed* on plaintiff's appeal; *reversed* on that of defendant.

This action was brought to recover damages for an injury sustained January 13, 1891, by reason of a defective sidewalk in the defendant city, at the place particularly described in the complaint, which contained the usual allega-

tions in such cases. The answer is by way of admissions
and denials. At the close of the testimony, the jury re-
turned a general verdict, wherein they found for the plaint-
iff and assessed her damages at $935.50, and also returned
special findings to the effect (1) that the sum of $90 will
compensate the plaintiff for loss of time from inability to
labor from the time of the alleged injury to the time she
became of age; (2) that the sum of $165.50 was paid out or
incurred in behalf of the plaintiff for medical attendance
and medicines, from the time of the alleged injury to the
time she became of age.

The defendant moved to set aside the verdict upon several
grounds, and among others, upon affidavits, for the miscon-
duct of the jury, which motion was denied by the court, and
the defendant excepted. Upon a motion being made by the
plaintiff for judgment, the same was granted, after deduct-
ing the two sums mentioned in such special findings from the
general verdict; and the court thereupon ordered judgment
entered in favor of the plaintiff, and against the defendant,
for $679.50 damages and $273.32 costs. From that part of
the judgment disallowing to the plaintiff the two amounts
mentioned in said special findings, the plaintiff appeals to
this court. The defendant appeals from that part of the
judgment in favor of the plaintiff and against the defendant.

For the plaintiff the cause was submitted on the brief of
*Geo. M. Popham* and *O'Neill & Marsh.* They contended,
*inter alia,* that the view was not such misconduct as re-
quired the granting of a new trial. *People v. Montgomery,*
13 Abb. N. S. 207; *Trafton v. Pitts,* 73 Me. 408. If the
party entitled to complain have knowledge of such an ir-
regularity and remain silent, it will be deemed waived. 1
Thomp. Trials, § 904; *Stampofski v. Steffens,* 79 Ill. 303.
The affidavits of these jurors cannot be received to impeach
their verdict. *Edmister v. Garrison,* 18 Wis. 594; *Schultz
v. Catlin,* 78 id. 611.

*B. J. Castle* and *G. M. Perry*, for the defendant, argued, among other things, that the acts of the jurors in viewing the place of the accident without the authority of the court was such misconduct as to entitle the defendant to a new trial. Thomp. Trials, §§ 904, 2604; *Hayward v. Knapp*, 22 Minn. 5; Thomp. & M. Juries, § 354; *Hewitt v. Pioneer Press Co.* 23 Minn. 178; *Aldrich v. Wetmore*, 52 Minn. 164; *Koehler v. Cleary*, 23 id. 325; *Woodbury v. Anoka*, 52 id. 329; *Harrington v. Worcester, L. & S. St. R. Co.* 157 Mass. 579; *Deacon v. Shreve*, 22 N. J. Law, 176; *Garside v. Ladd W. C. Co.* 17 R. I. 691. The affidavits of the jurors were competent. *Knight v. Freeport*, 13 Mass. 218; 2 Thomp. Trials, § 2619; *Shaw v. Fisk*, 21 Wis. 368; 2 Greenl. Ev. § 78. The effect of the misconduct may be inferred from the character of the acts. Elliott, Appellate Procedure, 620. There is no safety except in setting aside the verdict in a case where acts and conversations are shown which could have influenced the jury. *Stafford v. Oskaloosa*, 57 Iowa, 748; *Welch v. Taverner*, 78 id. 207; *Kruidenier Bros. v. Shields*, 77 id. 504; *Vose v. Muller*, 23 Neb. 171.

CASSODAY, J. The trial court committed no error in refusing to allow the plaintiff compensation for loss of time during her minority from inability to labor by reason of the injury. It does not appear that she was emancipated, and of course her services during that time belonged to her father and not to her. Nor did the court commit any error in refusing to allow her to recover for moneys paid out or incurred by her brother in her behalf for medical attendance and medicines in consequence of such injury. It may be that the physician so in attendance and the person so furnishing the medicines, respectively, might have recovered therefor as for necessaries, but those things gave her no right of action for moneys voluntarily paid and liabilities voluntarily incurred by her brother or her father. *Taylor*

Peppercorn vs. The City of Black River Falls.

*v. Hill*, 86 Wis. 105. The result is that the plaintiff can take nothing by her appeal; and, in so far as the judgment is in favor of the defendant in disallowing those two items, the same is affirmed.

It is undisputed that during the trial certain of the jurymen in the case, without any view having been authorized and without the knowledge of those representing the defendant, examined the place of the accident for the purpose of ascertaining the condition of the walk. Whether such examination was influential in securing a verdict in favor of the plaintiff it is impossible to tell. We cannot say that it did not have that effect. Since it may have had that effect, we must assume that it did have that effect. The rule in such cases is well stated by an able text writer, as follows: " Jurors must base their findings upon evidence adduced in their hearing in court, or upon a view authorized by the court. For a juror to go out of court, of his own motion, and make an inspection of the premises or thing in dispute, will be good ground of setting aside the verdict; though, if the party entitled to complain have knowledge of the irregularity and remain silent, it will be deemed waived." Thomp. Trials, §§ 904, 2605. Here there is no pretense of any such waiver. *Woodbury v. Anoka*, 52 Minn. 329.

It is contended that the affidavits of the jurors as to such misconduct were incompetent. But the rule of public policy which excludes the testimony of jurors to impeach their verdict extends only to matters taking place during their retirement. Thomp. Trials, § 2619. This question was recently considered by this court in *McBean v. State*, 83 Wis. 206. We have no doubt that the affidavits of the jurors in the case at bar were competent.

*By the Court.*— So much of the judgment as is against the defendant is reversed, and the cause is remanded for a new trial.