BLANCHE HARRISON, Appellee, v. THE INCORPORATED TOWN OF AYRSHIRE, Appellant.

**Sidewalks:** PERSONAL INJURY: LIABILITY OF TOWN. Where a sidewalk was constructed by town officials so as to indicate that it was a public walk and it has been used as such, the town is liable for injuries resulting from its negligence in failing to repair the same, although the land upon which the walk is located was never dedicated to the public or used so as to make it a public street.

**Practice:** OBJECTION NOT MADE BELOW. An objection that the proper foundation was not laid for the introduction of impeaching evidence cannot be raised for the first time on appeal.

**Evidence:** OPINION. Testimony that a sidewalk was in a rotten, shaky and bad condition at the time of an injury is not the expression of an opinion.

**Evidence:** REBUTTAL. Evidence of the condition of a stringer in the walk at the place of accident was admissible on rebuttal to show that the board on which plaintiff stepped could not have broken down as claimed, where it tended to show a condition which would allow the board to break.

**Evidence:** CONDITION OF WALK. Witnesses who examined the walk after the accident were competent to state its condition, there being other evidence that it was practically the same as when the accident occurred.

**Future Pain and Suffering:** INSTRUCTION. The term "reasonably apparent" in an instruction relating to future pain and suffering is the equivalent of "reasonably certain."

**New Trial:** EXAMINATION OF JUROR. Sustaining an objection to the examination of a juror in support of a motion for new trial is not error, where there is no showing of what was intended to be proven by him.

*Appeal from Palo Alto District Court.*—HON. A. D. BAILIE, Judge.

MONDAY, APRIL 11, 1904.

ACTION at law to recover damages for personal injuries received by plaintiff while passing along and over a sidewalk in the defendant town.  Defendant's answer was a general denial and a plea of contributory negligence on the part of the plaintiff.  The case was tried to a jury resulting in a verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*E. A. Morling* for appellant.

*Kelley & Kelley* and *Carr, Hewitt, Parker & Wright* for appellee.

DEEMER, C. J.—The petition alleges that plaintiff was injured while walking on a sidewalk in defendant town, upon one of the public streets thereof, in front of the property of one Dr. Craig; the name of said street being to plaintiff unknown.  The grounds of negligence charged were as follows: "That said sidewalk where the injury occurred was defective, the boards thereof being rotten, splintered, or broken so that the same either gave way under the plaintiff, or had already been splintered and broken, and a hole located therein, at the time the injury occurred to the plaintiff in said walk; that said injury occurred without the fault or negligence of the plaintiff, and the sidewalk at said place was in said defective condition at the point where said injury occurred, and was and had been defective and unsafe for a long time prior to the injury to plaintiff; that defendant had notice of the said defective and unsafe condition of said sidewalk prior to said injury, and had failed and neglected to repair said defective sidewalk, and negligently permitted the same to stay in such condition, which was defective and unsafe, and said walk was in said defective and unsafe condition at the time of the aforesaid injury to this plaintiff, and, by reason of said acts and conduct of the defendant and its officers in permitting said sidewalk to become in such defective and dangerous condition, and to so remain, they were and are guilty of negli-

—34.

gence." Plaintiff's testimony as to how she received her fall was as follows: "As I stepped on the board, it broke with me and threw me over. I fell over on my knee, and wrenched my limb under me, and went over sideways. When my foot stepped in on the board, and it broke, my toes stuck in·the other board and held me, and I fell over on my knee. After I got up, I looked at this board I stepped on, and found it was splintered a little on one side and outside."

The first point made by appellant is that the court erred in assuming in its instructions to the jury that the walk was upon a public street, and in not submitting to the jury the question as to defendant's jurisdiction over the walk at the place where the injury occurred. There was no conflict in the testimony with reference to this issue. The sidewalk was not laid upon ground which had been formerly dedicated to the public. It was in fact, as disclosed by the records, a town lot, but had been used by the public as a street for at least five years. It ran north and south, and was used by pedestrians as a means whereby to get from one east and west street to another—to reach the public school building and residences abutting on said lot. The ground itself was never lawfully dedicated to public use, nor was there such use thereof as to make it a public street. But this does not in itself solve the problem. The place was left open and was traveled as a public street for at least five years prior to the time plaintiff received her injuries. The sidewalk was built pursuant to the direction of the town officials, they inspected it from time to time, and it was so constructed with reference to other lots as to indicate that it was a walk for public travel. It was used for that purpose for years, and there was no error in assuming that the town had taken jurisdiction of the walk, and was liable for any negligence that might be shown with reference thereto. *Kircher v. Larchwood,* 120 Iowa, 578; *Shannon v. Tama City,* 74 Iowa, 23.

1. SIDEWALKS: personal injury: liability of town.

II. Two of defendant's witnesses, who had testified in chief that they had examined the walk both before and after

the accident occurred, and that it was in good condition, were asked on cross-examination if they had

**2. PRACTICE: objection not made below.** not told plaintiff's husband after the accident occurred that the walk was in a rotten, shaky, and bad condition. They answered that they had not. Plaintiff then produced her husband as a witness, who testified, over defendant's objections, that these witnesses had made such statements to him. The objection to this testimony was that it was incompetent, immaterial, irrelevant, hearsay and not proper impeaching evidence. There was also a further objection as to one of the statements that it was not rebuttal. There is no suggestion in these objections that no proper foundation had been laid for the introduction of such testimony. Appellant's counsel, admitting that such evidence was impeaching in character, now contends that no proper foundation was laid for such evidence, and that, in any event, the statements were merely expressive of the opinions of the witnesses, and therefore are inadmissible. As to one of the witnesses, proper foundation was laid. As to the other, it was not. But no such objection as is argued was made to the ques-

**3. EVIDENCE: opinion.** tion propounded the impeaching witness. The statements said to have been made by these witnesses whom plaintiff sought to impeach were not simply expressive of their opinions. Their declarations were as to facts regarding the condition of the walk.

III.   On rebuttal a witness was asked as to the condition of a stringer which was in the center of the walk at or near the place where plaintiff was hurt. This was objected

**4. EVIDENCE: rebuttal.** to because not in rebuttal, and as introducing a new cause of action. The objection was overruled, and of this complaint is made. This evidence was not offered as substantive proof of the cause of action set forth in the petition, but to meet defendant's evidence, tending to show that the board on which plaintiff stepped could not have broken down as she claimed it did. It tended to prove a condition which would allow the board to break as claimed by the plaintiff, and was properly received. Moreover, the gen-

eral condition of the walk was a proper matter of inquiry, as tending to show knowledge on the part of the town of the defects claimed. *McConnell v. Osage,* 80 Iowa, 293; *Yeager v. Spirit Lake,* 115 Iowa, 593.

IV. Certain of the instructions are complained of. Taken as a whole, they clearly and fairly presented the exact matters in issue. They were in the form usually given in such cases. The exact defects complained of, and no others, were submitted to the jury.

V. Witnesses who examined the walk after the accident were permitted to testify as to its condition. There was 5. EVIDENCE: other evidence to the effect that its condition condition of walk: was practically the same when examined by them as when the accident occurred, and there was no error here. *Parker v. Ottumwa,* 113 Iowa, 650.

Other matters with reference to rulings on evidence are argued, but they have been so frequently passed upon by this court adversely to appellant's contentions that we need not specifically refer to them.

In referring to recovery for future pain and suffering, the trial court used the words "reasonably apparent," instead of "reasonably certain." In this there was no 6. FUTURE pain and suffering error. The word "apparent," as here used, instruction. meant "plain," or "evident," and was the fair equivalent of "certain."

VI. A juror was called by defendant in support of its motion for a new trial. He was asked a preliminary question, and plaintiff thereupon interposed an objection to his 7. NEW TRIAL: testimony. The objection was sustained. There examination of juror. is nothing in the record to show what defendant expected to prove by the juror; hence there was no error in the ruling. Moreover, the statute provides that matters of this kind must be shown by affidavits from the jurors. Code, section 3756; and also see section 4675.

There is no prejudicial error in the record, and the judgment is AFFIRMED.