In re VANDERBILT.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. JURY—COMPENSATION—LUNACY PROCEEDING.

Under Code Civ. Proc. §§ 2333, 3313, providing that the fees of a juror in courts of record shall be 25 cents for each case in which he is impaneled, except as otherwise provided, he is entitled to but one such fee in a lunacy proceeding, however long the hearing lasts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, § 395.]

2. TRIAL—MISCONDUCT OF PARTY AND JURORS.

Jurors in lunacy proceedings being dissatisfied with the fees to which they were entitled, petitioner therein paid them, and they received, each day of the hearing, an additional amount; they knowing they were not legally entitled to it, and that it was a gratuity paid them by him. *Held* that, as this misconduct was likely to influence them, their verdict for him should be set aside.

Appeal from Special Term, Kings County.

In the matter of Edward Ward Vanderbilt, an alleged incompetent. From an order confirming an inquisition, and from an order denying a motion to vacate and set aside the inquisition because of the misconduct and improper action of the jurors, the deputy sheriff, who had them in charge, and counsel for petitioner, said Edward, appeals; Minerva Vanderbilt, petitioner, being the respondent. Reversed, and new hearing ordered.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Timothy M. Griffing, for appellant.

William C. Rosenberg (Max L. Arnstein, on the brief), for respondent.

RICH, J. It will be unnecessary to consider whether there is sufficient evidence to sustain the findings, because we must reverse the orders and direct a new hearing upon the ground that the Special Term erred in denying the motion to vacate and set aside the inquisition.

The first question presented upon this branch of the case is, what is the legal compensation of a juror in these proceedings? and the second, do the facts show improper conduct and acts which might have influenced the jurors in arriving at a verdict? We cannot determine with certainty, nor is it necessary that we should, that the acts complained of did influence the verdict. It is sufficient cause for reversal if they are likely to do so. Thomas v. Chapman, 45 Barb. 98; Wiggins v. Downer, 67 How. Prac. 65; Elliott v. Luengene, 17 Misc. Rep. 78, 39 N. Y. Supp. 850; Newsmith v. Clinton Fire Ins. Co., 8 Abb. Prac. 141; Livermore v Bainbridge, 14 Abb. Prac. [N. S.] 227; Roosa v. Saugerties & Woodstock Turnpike Road Co., 12 How. Prac. 297; Reynolds v. Moore, 1 App. Div. 105, 37 N. Y. Supp. 72

In such a proceeding the jurors are entitled to the same compensation as jurors upon the trial of an issue in an action in the same court. Section 2333, Code of Civil Procedure, and section 3313 of the Code, provide that the fees of a juror in courts of record shall be 25 cents

for each case in which he is impaneled, except as otherwise specially prescribed by statute. In such courts jurors are paid 25 cents in each action in which they serve, without regard to its duration. Their per diem allowance is not "for the trial of an issue in an action," but for daily attendance, and they are entitled to this allowance, although they do not sit as a juror on the trial of any action, from which it is plainly apparent that in lunacy proceedings a juror is entitled to but 25 cents, and it makes no difference how long the hearing lasts. This was the conclusion reached by the court in Matter of Sanford, 61 Hun, 33, 15 N. Y. Supp. 291, in which we concur.

It appeared upon the hearing of the motion that on the first day of the lunacy proceedings several of the jurors inquired of the assistant deputy sheriff having them in charge what they were to receive for serving, and were informed that their compensation would be 25 cents for each hearing, or 50 cents per day, each. The jurors were dissatisfied at the smallness of the compensation, and the deputy sheriff told them that he would try to get the attorney for the petitioner to allow them more money, and subsequently informed them that he had seen the attorney and had got him to agree to pay 50 cents for each hearing, or $1 per day. The hearing lasted 12 days, and each juror received $12 for his services, or $11.75 more than he was legally entitled to receive. This money was paid each day by the attorney for the petitioner to the sheriff, and by his assistant to the jurors, who received it with the knowledge that they were not legally entitled to it, and that it was a gratuity paid to them by the attorney for the petitioner, in whose favor they later rendered their verdict. While the result might have been the same, we cannot say, after reading the evidence, that the jury was not improperly influenced by the gratuity paid to them.

Courts are not at liberty to countenance or tolerate any act or conduct by litigants or court officers that might influence the conduct of any member of a jury in favor of either party in reaching conclusions in the case they are considering. Disregard of this commendable rule would result in incalculable mischief, and cause the administration of justice to fall into disrepute by weakening the faith of the lay mind in its purity.

The orders must be reversed, and the motion of the appellant to vacate and set aside the inquisition granted, and a new hearing ordered before commissioners to be appointed at Special Term, upon notice, and a jury impaneled in accordance with the provisions of section 2330 of the Code of Civil Procedure; costs to abide the event. All concur.