Martin W. Skinner, Appellee, v. John Cron, Appellant.

April 7, 1927.

Opinion on Rehearing June 26, 1928.

Carl F. Jordan, for appellant.

*Barnes, Chamberlain, Hanzlik & Thompson* and *Grimm, Wheeler, Elliott & Shuttleworth,* for appellee.

WAGNER, J.—A collision between an automobile driven by plaintiff, who was proceeding south on Sixteenth Street in Cedar Rapids, and an automobile driven by defendant, who was going west on B Avenue in said city, occurred on the intersection of said streets. Damage was done to both automobiles, and the plaintiff suffered personal injury. The plaintiff brings action to recover for the personal injury and damage to the automobile, and defendant counterclaims for damage to his car. Each avers that the collision was due to the negligence of the other.

The evidence presents a question for the jury. The jury returned a verdict in favor of the plaintiff in the amount of $1,500. From the judgment upon the verdict, the defendant appeals.

A young lady was riding with the defendant, at the time of the collision. In addition to the testimony of the defendant and the young lady, a Mrs. Shrader testified in his behalf: that her home was on the south side of B Avenue; that there was another house between it and the corner; that she saw the collision from where she was lying in bed upstairs, looking out of the window. In addition to the testimony of the plaintiff, a witness who was driving a car near the place of the collision testified in his behalf, and also another witness, who testified that, at the time of the collision, he was standing on the sidewalk in front of his back door on Sixteenth Street, probably 180 or 200 feet from the intersection in question. There was other testimony as to the surroundings, and the condition and location of the two cars immediately thereafter.

The defendant assigns as error the overruling of his motion for a new trial, which, among other grounds, is based upon alleged misconduct of one or more of the jurors during the trial of the case. It is alleged in said motion that one or more of the jurors, without order, direction, or leave of court, visited the scene of the collision, viewed the premises, and made estimates as to the ability of the witnesses to observe the collision from the place where they testified that they observed it, and sought out the street intersection where the collision occurred, and exam-

ined and measured the same, with the view of arriving at a conclusion as to how. the accident happened, apart from the evidence introduced in the trial of the case; that said action on the part of said jurors was misconduct, which was prejudicial to the defendant. Attached to, and constituting a part of, said motion is the following oath by defendant's attorney:

"I, Carl F. Jordan, being first duly sworn on oath state that the facts set forth in the foregoing motion are true. * * * That all the jury discussed and entered into the discussion as to whether or not the witness Mrs. Shrader could see the street . intersection from the place whence she claimed to have viewed the accident, and at that time certain jurymen whose names are unknown to this affiant at this time stated that they had viewed the premises, and that from the place where Mrs. Shrader was located, she could not see up B Avenue, and could not see the accident. I further state that I have discussed this matter with the jurymen, and they stated to me that they did not think they were allowed to give affidavits, but if they were called into court, they would tell the facts concerning these matters."

The only authority for a view of the premises by a jury is that which is contained in Section 11496 of the Code of 1924. This section was not complied with.

The purpose of the law in permitting the jury to view the premises under order of court, and in charge of a sworn officer, is to enable them the better to understand the testimony of the witnesses respecting the same, and more intelligently apply such testimony to the issues before them, and not to make them silent witnesses in the case. *Guinn v. Iowa & St. L. R. Co.*, 131 Iowa 680.

We have held, in cases where the matter in controversy is not in dispute, or where a view of the place by the jurors could not have any bearing upon the verdict, that the fact that jurors may have gone to the vicinity of the accident and made observations would not necessarily be prejudicial error. See *Bowman v. Western Fur Mfg. Co.*, 96 Iowa 188; *State v. Crouch*, 130 Iowa 478; *Caldwell. v. Town of Nashua*, 122 Iowa 179; *Collings v. Gibson* (Iowa), 220 N. W. 338 (not officially reported).

But in this case, the environment at the intersection in question, and the fact as to whether or not the witnesses, particularly

Mrs. Shrader, who testified for the defendant, could have seen what she testified that she did see, were quite material in the determination of the controversy between the plaintiff and the defendant. In this state of the record, it cannot be said that the view of the premises by the jurors is not prejudicial. A juror who visits the scene of the collision with the purpose in mind of ascertaining how the collision occurred, and whether the witnesses could have seen what they have testified they did see, cannot truthfully say how much he may or may not have been influenced by what he saw at the scene of the visitation. See *Peppercorn v. City of Black River Falls*, 89 Wis. 38 (61 N. W. 79, 46 Am. St. 818); *Driscoll v. Gatcomb*, 112 Me. 289 (92 Atl. 39); *Floody v. Great Northern R. Co.*, 102 Minn. 81 (112 N. W. 875); *Harrington v. Worcester, L. & S. S. R. Co.*, 157 Mass. 579 (32 N. E. 955).

As a part of defendant's motion for new trial, he filed his application for an order asking that the court set a time for the examination of the various members of the jury with reference to the alleged misconduct. It appears that the defendant had no opportunity to present the application to the court prior to the time of the passing upon the motion for new trial. The defendant had subpoenaed all of the jurors, and they were present in the court room at that time, when the defendant's attorney called the attention of the court to the fact that he had filed a motion for a new trial and an application for an order for the examination of the jurors relative to the allegations set forth in said motion, and that, owing to the fact that the judge was not in the city, he could not present the application until he arrived. He then stated that:

"The jurors are all here, and we offer to show by Homer Neff that he was a juryman in the case; that, during one adjournment, in order to ascertain the ability of certain witnesses to see from the place where they said they could see, and without permission of court, he went to the scene of the accident and made measurements and observations."

Objection was made to the offer, on the grounds that it was immaterial, irrelevant, incompetent, and improper, and not warranted by the record disclosed, and that there is no affidavit of

 any juryman filed, as required by law, and that the examination of the jurors is wholly improper, uselessly incumbering the record, and not a proper case for any such order or request. The court denied the offer, saying:

"You have the right to offer affidavits of jurors, in certain cases. I do not think I would be justified in opening up this case and taking the testimony of these jurors." ·

The application and the motion for a new trial were overruled.

It appears to have been the thought of the trial court, as well as of counsel for defendant, that the motion for a new trial, based upon alleged misconduct of the jurors, must be established  by affidavits of the jurors. The averments of the motion were sworn to by the defendant's attorney. This amounted to, and was in fact, an affidavit. True, it is not the affidavit of a juror, and it may be claimed that, as to the attorney making the same, it was hearsay; but no action was taken by the plaintiff to strike it, or any portion thereof, and there was no resistance or objection to the motion thus verified, based on said ground. The attorney states, in his affidavit attached to and constituting a part of the motion, the reason why the same is not supported by affidavits of the jurors:

"That they did not think they were allowed to give affidavits, but if they were called into court, they would tell the facts."

In *Harrison v. Incorporated Town of Ayrshire*, 123 Iowa 528, a juror was called by the defendant in support of its motion for a new trial. Said juror was asked a preliminary question, and plaintiff interposed an objection to the testimony. The objection was sustained. We there said:

"There is nothing in the record to show what defendant expected to prove by the juror; hence, there was no error in the ruling. Moreover, the statute provides that matters of this kind *must* be shown by affidavits from the jurors. Code Section 3756 [now 11551]; also see Section 4675 [now 11344]."

In the instant case, the record discloses what the defendant

expected to prove by the juror. In the case of *State v. Foster*, 136 Iowa 527, we held that the motion for a new trial, in so far as it is based on misconduct of the jury, must be sustained by affidavits,—citing Section 3756, Code of 1897 (now Section 11551, Code of 1924). The statutory law as to this matter remains unchanged, and provides that the application for a new trial *must be by motion,* upon written grounds, and, if the cause be misconduct of the jury, *may* be sustained and controverted by affidavits. See Sections 11550 and 11551 of the Code. The word ''may,'' as used in said section, is not mandatory, but discretionary. While the application must be by motion, it is permissible for the testimony in support of or against the same to be by affidavit.

Code Section 11231 provides that testimony to sustain or resist a motion may be in the form of affidavits, or in such other form as the parties may agree on, or the court or judge direct; and that, if by affidavit, the person making the same may be required by the court or judge to appear and submit to a cross-examination. It is thus manifest that, had the jurors been disposed to make affidavits, the court could have required their appearance, to submit to a cross-examination. It is true that the court or judge did not direct how the testimony in support of defendant's motion should be taken, but the jurors were all in the court room at the time in question, and the court, within its discretion, could have heard the testimony.

It is also true that Section 11344 *et seq.* of the Code provide the way for the obtaining of affidavits from one who is unwilling to make the same, or depositions in lieu thereof. As we construe the statute, under Section 11551, it was the appellant's right in the first instance to support his motion by affidavit. He did support his motion by affidavit of himself, which, as to the matter we are now considering, was in no way attacked or challenged. The statements therein are, therefore, a verity. This of itself, unchallenged and uncontroverted, and in no way attacked for being hearsay or otherwise, clearly established the misconduct complained of, and warrants a reversal.

Moreover, it was an abuse of discretion on the part of the trial court not to receive the offered testimony.

We have held that, where jurors consider matters not in evidence, and not produced on the trial, which it is reasonably

probable influenced the verdict, it is such misconduct as to require a new trial. See *State v. Salmer,* 181 Iowa 280; *Douglass v. Agne,* 125 Iowa 67. The misconduct pointed out necessitates a reversal.

The appellant assigns other errors, which are not likely to arise on a retrial, among which is the claim that appellee's counsel, on the *voir dire* examination, and by the examination of the witnesses, and the appellee, by his answers, willfully and persistently brought before the jury the fact that the defendant was protected by liability insurance. We find it unnecessary to specifically pass upon this proposition, but call the attention of the parties to *Ryan v. Trenkle,* 199 Iowa 636; *Berridge v. Pray,* 202 Iowa 663; *Rudd v. Jackson,* 203 Iowa 661.

It is apparent that the defendant was not accorded a fair trial, and the judgment of the trial court is hereby reversed, and the cause remanded.—*Reversed and remanded.*

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.