Argued April 6, affirmed May 11, 1960

# ECKEL *v.* BREEZE
352 P. 2d 460

*Bernard P. Kelly,* Medford, argued the cause and filed the brief for appellant.

*O. H. Bengston,* Medford, argued the cause and filed the brief for respondent.

Before McAllister, Chief Justice, and Rossman, Goodwin and Harris, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from an order of the circuit court which sustained the defendant's motion for a new trial. The order was made after the circuit court had entered judgment in the plaintiff's favor in the sums of $1,000 general and $4,000 punitive damages based upon the jury's verdict in those amounts. The action was for assault and battery. The order which awarded a new trial was predicated upon a finding that two of the jurors separately made investigations of the locus in quo and that one of them had informed other jurors, while the jury was deliberating upon its verdict, that her investigation disclosed that the defendant, contrary to his testimony given to the jury, could not have seen from Third and Fir Streets the plaintiff's automobile at Third and Grape Streets (in Medford).

The motion for a new trial averred that during the trial and

"* * * without the consent of the court and without the knowledge of either the plaintiff or the defendant, two of the jurors went to the intersection of Third and Fir Streets in the city of Medford, Oregon and made their independent examination of the premises in order to ascertain whether John J. Breeze, the defendant, if driving his Jeep truck, and

stopping said Jeep truck at a place testified to by him, namely, the intersection of Third and Fir Streets, in the City of Medford, Oregon, could have seen the automobile of Clifford Eckel located on the corner of Third and Grape Streets, being one block westerly from Third and Fir Streets in the City of Medford, Oregon."

Forming a part of the motion was the affidavit of Claire M. Rickard, one of the jurors who served in the cause. In her affidavit Mrs. Rickard swore that another member of the jury by the name of Alice M. Harris told the jurors while they were deliberating upon the verdict that she and another of the jurors went separately to the intersection of Third and Fir Streets

"* * * and made their independent examinations of the premises in order to ascertain whether John J. Breeze, the defendant, if he drove his Jeep truck and stopped at the place testified to by him, could have seen the automobile of Clifford Eckel, located on the corner of Third and Grape Streets * * *

"That said jurors stated to me and other members of the jury then deliberating upon a verdict that John J. Breeze could not have seen the automobile of the said Clifford Eckel if he drove his Jeep truck and stopped at the intersection of Third and Fir Streets as testified to by John J. Breeze, the defendant.

"That said examinations of said premises by said jurors were without any instruction, or consent, or knowledge, of the Court, or either the plaintiff or the defendant."

The plaintiff, in resisting the motion for a new trial, filed the affidavit of the aforementioned Alice M. Harris in which the latter conceded that during the trial she visited the intersection of Third and Fir

Streets but swore that she went there, not to make investigations as a juror, but because in going from the Court House to her husband's place of business Third and Fir Streets was upon her route. She explained in her affidavit that she went every noon to her husband's place of business while she served as a juror because the two ate lunch together. Mrs. Harris conceded in her affidavit that, "I casually observed various land marks which entered into the case." Her affidavit did not deny the statement attributed to her in the affidavit of Mrs. Rickard that she (Mrs. Harris) told the other jurors that the defendant (Breeze) could not have seen the automobile of the plaintiff (Eckel) if he drove his truck into the intersection of Third and Fir Streets and there stopped. Likewise, neither Mrs. Harris's affidavit nor any other document took issue with the statement in Mrs. Rickard's affidavit, "That said examinations of said premises by said jurors were without any instruction, or consent, or knowledge, of the Court, or either the plaintiff or the defendant."

The trial judge set forth his disposition of the issues submitted by the motion for a new trial in a memorandum opinion which is very good. We adopt it as our own, but will amplify it by an expression of our views concerning some contentions which are presented in the appellant's (plaintiff's) brief but which were not voiced in the circuit court. The trial judge's memorandum, with the exception of a part which states facts that we have already mentioned, reads as follows:

1. "* * * Counsel for plaintiff challenges the sufficiency of defendant's motion contending that the defendant 'must also affirmatively allege that the movent and his counsel were' ignorant of such misconduct until after the trial.' In support of this

contention, counsel for plaintiff cites Osmun v. Winters, 30 Or. 177. The Court has read the cited case carefully and can find no statement therein that warrants such a conclusion. There is no dispute that if during the course of a trial a party or his counsel is involved by any known or observed misconduct of a juror, that he must promptly make proper objection to the Court and if they know or observe any misconduct of a juror during the course of the trial and fail to promptly call the same to the attention of the Court, they waive such misconduct. The misconduct complained of in defendant's motion is misconduct outside of the trial and courtroom and during the deliberation of the jury on their verdict. It appears reasonably obvious that defendant or his counsel could not have known of such misconduct during the course of the trial. Plaintiff specifically cites page 190 of the above cited case as supporting his contention that the affiant must negative prior knowledge of the misconduct complained of. On the cited page the Court said in part:

" 'It appears that the misconduct complained of occurred October 25th and was observed at that time by one of defendant's counsel, but the verdict was not rendered until October 29th.'

There is nothing in the cited case holding that the motion or affidavit must allege any prior ignorance of the alleged misconduct.

"Further attacking the motion of the defendant, counsel in his brief says:

" 'It is not the communication to the other jurors of facts allegedly known by Mrs. Harris that is relied upon by defendant in his motion. He deals strictly with misconduct on the ground of going to the locus in quo. Therefore, the Court, in our opinion, should not consider the motion on the ground of unauthorized communication by one juror to others of facts within that juror's knowledge.'

Complaining of the juror's misconduct, the motion among other things recites:

" 'That said misconduct is more particularly described in the affidavit of Claire M. Rickard attached hereto and to which reference is hereby made.'

A reading of the affidavit discloses very clearly that the communication of the knowledge of the juror, Mrs. Harris, is a particular and important element in the alleged misconduct charge. In this particular the supporting affidavit is definite, certain and uncontradicted. The communication to the jury greatly enhances the unfavorable influence. Counsel for plaintiff also attacks the submission of any affidavit by a juror that tends to impeach the verdict of the jury. In the case of Schneider v. Moe, 151 Or. 353, the Court held that the affidavit of a juror as to misconduct of a juror outside the courtroom is an exception to the above general rule. Quoting from Litz v. Harman, 144 S.E. 477, the Court said:

2, 3. " 'This rule (that affidavits of jurors are not admissible to impeach their own verdict), however, does not dispose of this case. It does not prohibit the proof of an unauthorized view or of other improper conduct of a juror during the time of trial outside of the courtroom and *the consequential impressions on his own mind thereby created which were communicated by him to the other jurymen without knowledge of the parties,* and for the purpose of influencing their verdict.'

"From the Schneider case, see further the quotation from the Twaddle, Vanderbilt and Luquer cases, as to the use of affidavits in similar situations.

"Pierce v. Brennan, 83 Minn. 422, 86 N.W. 417.

"The Court is of the opinion that the motion and supporting affidavit is sufficient in form and substance and entitled to be considered by the Court.

"To the Court it appears to be a very significant

and important fact that this counter-affidavit of the juror, Alice M. Harris, utterly fails to deny that she told the juror, Claire Rickard, and other members of the jury panel that from her so called casual examination and observation that John J. Breeze could not have seen the automobile of Clifford Eckel, the plaintiff, if he drove his Jeep through and stopped at the intersection of Third and Fir Streets as was testified to by said defendant, John J. Breeze, upon the trial of said cause. The failure of Alice M. Harris to deny that she made the statement avered in the affidavit of the juror, Claire Rickard, is tantamount to an admission that the said juror made the statement as set forth in the affidavit. Such statement cannot be construed otherwise than as an interjection into the consideration of the jury of an unsworn statement of facts learned by Mrs. Harris from her so called casual observation and examination of the locus in quo and which facts contradict the sworn testimony of the defendant Breeze, and which strongly tends to discredit his testimony, impeach him and deprive him of the right of explanation, rebuttal and cross examination, and would show to the jury that the defendant Breeze was false in this part of his testimony, and the jury being bound to follow the instructions of the Court, would be warranted in determining and concluding that the witness Breeze being false in part of his testimony was to be distrusted in others.

"Counsel for plaintiff cites the case of Frank v. Mathiesen, 115 Or. 349, in support of his contention that a visitation of the locus in quo alone is not sufficient. The Court in this case states that not every unauthorized visit of the locus in quo will require setting aside of the verdict. However, in this case which is distinguishable from the instant case in that the juror who visited the locus in quo made no communication whatsoever to the other jurors. In the case of Kerns v. Hall (Va.) 91 S.E.2d 648, the Court stated that only slight evidence or

influence or prejudice or misconduct of a juror is required to grant a new trial. To the same effect see Hickerson v. Burner, 41 S.E.2d 451.

"Plaintiff cites what was said in Saunders v. Williams & Co., 155 Or. 1, in support of his opposition to defendant's motion for new trial. In the Saunders case, the affidavit of one of the jurors, Pratt, was that he visited the locus in quo and it was shown by the affidavit of Thorndyke, another juror, that Pratt stated to the other jurors the result of his investigation. In the cited case the communication to the jury was not prejudicial to the defendant and movent for a new trial as is shown by the following quotation from said decision.

" 'It is shown by the affidavit of James E. Thorndyke, one of the jurors, that Pratt stated to the other jurors that during his casual inspection he found no defect or unfavorable condition in or about the defendant's premises nor anything that was not to the advantage of the defendant.'

This communication to the jury was not adverse to the defendant and is to be distinguished from the communication in the instant case which would clearly militate against and discredit the entire testimony of the defendant and lead the jury to believe that the defendant did not testify to the truth and following the instructions of the Court that a witness false in one part of his testimony is to be distrusted in others. The defendant would be clearly prejudiced.

"It is to be noted that in the Saunders case, the Court does not criticize or overrule the rule announced in the Schneider case which is as follows:

" 'We cannot determine with certainty, nor is it necessary that we should, that the acts complained of did influence the verdict. It is sufficient cause for reversal if they are likely to do so.'*

---

\* The language just quoted was taken by the Schneider opinion from In Matter of Vanderbilt, 127 App Div 408, 111 NYS 558.

"The quotation in the Saunders case was from Carbon v. City of Ottumwa, 95 Iowa.

"In the Schneider case, page 358, the Court quoting from a much later Iowa report, namely Skinner v. Cron, 206 Iowa 338, (220 N.W.) said:

" 'A juror who visits the scene of the collision with the purpose in mind of ascertaining how the collision occurred, and whether the witnesses could have seen what they testified they did see, cannot truthfully say how much he may or may not have been influenced by what he saw as at the scene of the visitation.'

"The counter-affidavit on plaintiff's behalf discloses that the juror Harris in passing the locus in quo every day during the trial observed various land marks and physical factors surrounding the area. This casual observation was amply sufficient for the basis of the undenied statement that said juror made to the jurors, namely, that the defendant could not see what he testified he did see.

" 'The theory of jury trials is that all information about the case must be furnished to the jury in open court, where the judge can separate the legal from the illegal evidence and where parties can explain or rebut; but if jurors were permitted to investigate out of court, there would be great danger of their getting an erroneous or one-sided view of the case, which the party prejudiced thereby would have no opportunity to correct or explain. Winslow v. Morrill, 68 Me. 362.' Aldrich v. City of Minneapolis (Minn.) 53 N.W. 1072, 1074.

"There could be little question that a consideration of such evidence extrinsic to the trial of the case would be highly prejudicial to the defendant.

"The juror, Mrs. Harris, avers that:

" 'This casual observation of land marks and other physical factors surrounding the area did not affect my verdict of the case in any way.'
This statement must be read in the light of what is said in Aldrich v. City of Minneapolis, infra.

" 'A juror cannot be allowed to become a silent witness to facts not testified to in open court.' Kerns v. Hall, 91 S.E.2d 618.

"However, it is a significant fact that in her affidavit the affiant states:

" 'Regarding the point that defendant Breeze stated he could see the automobile of Clifford Eckel from the corner of Third and Fir Streets, defendant introduced a diagram which was a map drawn to scale of the area around Third and Fir and Third and Grape; that it was fairly apparent to me from examining defendant's diagram which was part of the evidence in the case that defendant could not have seen the Eckel automobile as he passed by the intersection of Third and Fir Streets.'

This situation at the junction of the above named streets seems to be a very important issue in the case. It would not be unnatural or unlikely that the juror Harris, when casually viewing the locus in quo, would seek to verify the impression that she had from the diagram introduced in evidence. That she did so is a conclusion that the Court is justified in deducing from the statement she made to the jurors which she failed to deny.

"There is no scientific instrument with which we can measure the effect of this knowledge upon Mrs. Harris or the other jurors.

" 'Affidavits of jurors in general terms that they were not affected by what they saw, and that their verdict was rendered wholly on the evidence given in court, are of little or no weight. They may think that this was so and still their minds have been insensibly affected by what they saw. State v. Andrews, 29 Conn. 100. Indeed, in some states such affidavits will not be received at all. State v. Hascall, 6 N.H. 352; Whitney v. Whitman, 5 Mass. 405.' Aldrich v. City of Minneapolis, (Minn.) 53 N.W. 1072, 1074.

"In Schneider v. Moe, the Court in quoting from Skinner v. Cron, supra, says:

" 'A juror who visits the scene of the collision with the purpose in mind of ascertaining how the collision occurred, and whether the witnesses could have seen what they have testified they did see, cannot truthfully say how much he may or may not have been influenced by what he saw at the scene of the visitation.'

"It is also noted that plaintiff did not submit the affidavit of any other juror that the alleged statement was not made to them or that they admitted communication made to them by the juror Harris had no effect upon their verdict or consideration of the evidence. For a juror to communicate to the other members of the jury her unauthorized observation and examination out of court of the locus in quo, which observation and inspection she ascertained shows that the defendant gave false testimony in stating that he was able to see what he could not have and did not see discloses a situation that satisfies the trial court that the defendant was thereby prejudiced and deprived of a fair and impartial trial upon the evidence adduced in the manner provided by law. It is clear that the juror, Harris, using her so called casual observation and examination of the locus in quo to determine the credibility of the testimony of the defendant, Breeze, and that she communicated such fact to the other jurors.

"The Court is always reluctant to set aside the verdict of a jury but the facts and circumstances disclosed in the case constrain the Court to set aside the verdict and judgment entered herein and to grant a new trial. Accordingly, the Court has this date made, entered and filed in the above entitled Court and cause, an order granting a new trial.

"Dated this 1st day of October, 1958.

H. K. Hanna,
Circuit Judge"

■ The plantiff attacks the sufficiency of the motion for a new trial by contending that it did not com-

ply with the demands of ORS 17.620 as applied in *Hooton v. Jarman Chevrolet Co., Inc.,* 135 Or 269, 296 P 36. The section of our laws just cited says:

> "In all cases of motion for a new trial, the ground thereof shall be plainly specified, and no cause of new trial not so stated shall be considered or regarded by the court * * *."

We believe that when the affidavit which accompanied the motion and to which it referred is read in complement with it, the demands of ORS 17.620 are fully met. See also *Lyons v. Browning,* 170 Or 350, 133 P2d 599.

The plaintiff also argues that when a motion for a new trial is based upon charges of misconduct by a juror the moving party must allege that both he and his counsel were ignorant of the misconduct until after the trial. It will be recalled that Mrs. Rickard's affidavit, in referring to the misconduct of the two jurors, averred that the trial judge and the parties knew nothing of it when it occurred. Since the two jurors who had made the unauthorized inspection did not tell their fellow jurors until the jury was deliberating upon its verdict that their inspection disclosed that the defendant could not have seen from Third and Fir Streets the plaintiff when he was at Third and Grape Streets, it is clear that the defendant could not have known of the prejudicial conduct until after the jury was discharged. Likewise, the situation just mentioned renders it clear that only a juror such as Mrs. Rickard had the knowledge that could enable her to reveal the prejudicial conduct. We have mentioned the fact that Mrs. Harris's affidavit, which was filed after Mrs. Rickard had made her affidavit, took no issue with the statement made by Mrs. Rickard of which we have just

taken notice. We believe that the motion for a new trial was sufficient.

Several other jurisdictions take the view which was employed in *Schneider v. Moe,* supra, that a juror's affidavit may be employed to reveal an unauthorized inspection of the locus in quo. Some of the authorities are cited in 53 Am Jur, Trial, p 773, § 1111; 66 CJS, New Trial, p 420, § 169 (i); and 46 CJ, New Trial, p 356, § 377 (note 4).

The above disposes of all contentions submitted by the plaintiff-appellant.

Affirmed.