Argued December 3, affirmed December 26, 1975

BRADLEY, *Appellant, v.* GUDEMAN ET UX,
*Respondents.*

543 P2d 1045

*Rob Schneider,* Portland, argued the cause for ap-

pellant. With him on the brief was Ronald J. Loew, Portland.

*Edward H. Warren,* Portland, argued the cause for respondents. With him on the brief were Donald E. Hershiser, and Hershiser, Mitchell & Warren, Portland.

BRYSON, J.

This is an appeal from the trial court's denial of plaintiff's motion for a new trial. Judgment had been entered on a unanimous jury verdict in favor of defendants in plaintiff's personal injury action.

ORS 17.620 provides:

"In all cases of motion for a new trial, the grounds thereof shall be plainly specified, and no cause of new trial not so stated shall be considered or regarded by the court. * * *"

Plaintiff's motion does not designate the statute or grounds on which he relies for a new trial. It merely states, "Plaintiff's Motion is supported by the Affidavit attached hereto." The affidavit states, "Prior to his testimony, Dr. Geist [Kiest] informed Plaintiff's attorney that a member of the jury was a close personal friend of Dr. Geist [Kiest]. Plaintiff's attorney failed to notify the Court and myself of the relationship between Dr. Geist [Kiest] and the juror," but does not state or enlighten us as to the grounds relied upon for a new trial.[1] *See Eckel v. Breeze,* 221 Or 572, 581-83, 352 P2d 460 (1960).

---

[1] ORS 17.610:

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"(1) Irregularity in the proceedings of the court, jury

The record does not include a transcript of the jury voir dire and there are no affidavits from jurors, Dr. Post, or Dr. Kiest. The only transcript is that of argument of the attorneys on the motion and the court's ruling thereon. There was no testimony offered on the motion for a new trial. Plaintiff argued:

"Your Honor, basically our position is this: about a week after the trial Dr. Post called me and told me that Dr. Kiest who was the defendant's expert witness and had examined Mr. Bradley had informed him during a wash up, a scrub up period at the hospital that he knew very well one of the members of the jury. In fact, his best friend was his father and they have grown up together, apparently, and that he knew them quite well and that he had informed counsel for the defendant, and apparently counsel had not told me or you. We are moving to set aside and retry on the basis that we were not given an opportunity on voir dire to get into that question. * * *"

Defendants argued:

"* * * [Y]ou recall even as we started the trial, I said I am probably going to have to call Dr. Kiest out of order because he can only get here at 4:30 today. And, if the Court, if you draw on your recollection, at that time I was, even before we started empanelling the jury, I was going to have that problem and I said I wanted to put him on out of order. * * *"

Plaintiff's counsel did not even know the name of the juror that Dr. Kiest was supposed to be acquainted with. The court stated, "* * * I just don't know where in the law that under this circumstance * * *

or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial.

"* * * * *"

I could grant such a motion." Plaintiff relies on *Caldwell v. Hoskins,* 94 Or 567, 186 P 50 (1920); *Colgan v. Farmers' & Mechanics' Bank,* 59 Or 469, 106 P 1134 (1910); and *State v. Nagel,* 185 Or 486, 202 P2d 640 (1948), for the proposition that plaintiff is entitled to a fair trial. We see no similarity between the facts in those cases and the facts in the case at bar. Defendant contends that "[p]laintiff's motion for a new trial failed to specify the ground upon which the motion was made" and that "plaintiff produced no evidence that the juror was improperly influenced by his acquaintance with the witness or that the juror used improper influence on the remainder of the jury."

Surely plaintiff should have known that Dr. Kiest was a potential witness after plaintiff was examined by the doctor at the request of the defendants. From the limited record before us, there is nothing to show that plaintiff was prevented from interrogating the jurors to determine if they were acquainted with Dr. Kiest nor was plaintiff precluded from obtaining a copy of Dr. Kiest's medical report prior to trial. ORS 44.630, 44.640.

On this appeal we are concerned with the trial court's discretion. On a motion for a new trial we generally defer to the discretion of the trial court except in the event of abuse. *Burnett v. Weinstein,* 154 Or 308, 59 P2d 258 (1936); *State v. Tracy,* 246 Or 349, 356, 425 P2d 171 (1967). There was nothing but statements based on hearsay before the court for his consideration and we cannot say that he abused his discretion. Further, the motion, including the affidavit, fails to comply with ORS 17.620.

Affirmed.

DENECKE, J., specially concurring.

I specially concur in the majority opinion for the

reason that plaintiff did not "plainly" specify the grounds upon which he sought a new trial as ORS 17.620 requires. This requirement is not a mere "technicality" but serves an obvious and useful purpose.